[Civ. No. 22376.   Second Dist., Div. Two.   Dec. 10, 1957.]

LLOYD TEVIS, as Assignee, etc., Appellant, v. MORRIS BEIGEL et al., Respondents.

Glickfeld & Goldstein for Appellant.

Abe Richman for Respondents.

FOX, Acting P. J.—This is an action to recover "secret profits" from defendants by reason of their dealings with a corporation, of which one of them was then president and a director. The action was originally commenced by the corporation, Midway Foundry of Gardena, Inc., hereinafter referred to as Midway. Subsequently, the corporation made an assignment for the benefit of creditors and the assignee was substituted as plaintiff. Plaintiff has appealed from a judgment of nonsuit.

In 1952 defendant Beigel, president and director of Midway, and his son-in-law, defendant Sills (doing business together as Universal Supply Company) entered into a written contract with Midway for the sale of plumbing supplies by Midway to defendants in accordance with a price list attached to the agreement. Thereafter sales were made to defendants at the agreed price. A dispute arose between the parties concerning the meaning of the contract, and defendants commenced a suit for declaratory relief against Midway in the Los Angeles Superior Court (No. 60944). In that suit Midway set up as an affirmative defense that the contract was invalid because of noncompliance with the provisions of section 820 of the Corporations Code.[1] ■ Upon the trial of that

---

[1] Section 820 of the Corporations Code reads:

"Directors and officers shall exercise their powers in good faith, and with a view to the interests of the corporation. No contract or other transaction between a corporation and one or more of its directors, or between a corporation and any corporation, firm, or association in which one or more of its directors are directors or are financially interested, is either void or voidable because such director or directors are present at the meeting of the board of directors or a committee thereof which authorizes or approves the contract or transaction, or because his or their votes are counted for such purpose, if the circumstances specified in any of the following subdivisions exist:

"(a) The fact of the common directorship or financial interest is disclosed or known to the board of directors or committee and noted in the minutes, and the board or committee authorizes, approves, or ratifies the contract or transaction in good faith by a vote sufficient for the purpose without counting the vote or votes of such director or directors.

"(b) The fact of the common directorship or financial interest is

case the court nonsuited the plaintiffs (defendants here), and ruled in an oral opinion that the contract was invalid because of the failure to comply with section 820, making, however, no order that the nonsuit should not operate as a judgment on the merits.

At the trial of the instant case plaintiff's counsel attempted to introduce into evidence a certified copy of the reporter's transcript of the earlier case which contained the oral opinion mentioned above. The trial court refused its introduction into evidence, and ruled that the prior judgment of nonsuit was not res judicata in the present case on the issue of the validity of the contract.

Plaintiff then introduced evidence tending to show that the prices at which Midway sold its plumbing supplies to defendants were lower than its prices to other customers. No evidence was introduced which showed that any goods were sold below cost. The trial court took the position that a mere reduction in price would not prove that the contract was unfair to Midway and that in order to be actionable the sales would have to be below Midway's cost. Accordingly, the court granted defendants' motion for nonsuit.

It is our conclusion that the trial court erred when it refused to treat the judgment of nonsuit in the former action between the parties as res judicata on the question of the validity of the contract. Section 581c of the Code of Civil Procedure states in regard to a nonsuit that "unless the court in its order for judgment of nonsuit otherwise specifies, such judgment operates as an adjudication on the merits." Commenting on this provision, the court in *Keidatz* v. *Albany*, 39 Cal.2d 826 [249 P.2d 264], observed (p. 830) : ". . . [B]efore section 581c was added to the Code of Civil Procedure in 1947 [a] judgment of nonsuit was not on the merits, and a plaintiff could start anew and recover judgment if he could prove sufficient facts in the second action. [Citations.] Section 581c now provides that a judgment of nonsuit operates as an adjudication upon the merits unless the court otherwise specifies."

disclosed or known to the shareholders, and they approve or ratify the contract or transaction in good faith by a majority vote or written consent of shareholders entitled to vote.

"(c) The contract or transaction is just and reasonable as to the corporation at the time it is authorized or approved.

"Common or interested directors may be counted in determining the presence of a quorum at a meeting of the board of directors or a committee thereof which authorizes, approves, or ratifies a contract or transaction."

The scope of the doctrine of res judicata is carefully explained in *Sutphin* v. *Speik*, 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497]. The court there stated (pp 201-202):

"First, where the causes of action and the parties are the same, a prior judgment is a complete bar in the second action. This is fundamental and is everywhere conceded.

"Second, where the causes of action are different but the parties are the same, the doctrine applies so as to render conclusive matters which were decided by the first judgment. As this court stated in *Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916]: 'A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' . . . [A] determination of a particular issue in the prior action is *res judicata* in the second action. [Citation.]

"Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. . . . Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable."

In the instant case the trial court took the position that the prior judgment of nonsuit was not res judicata as to matters set up in the answer of that action, such as the invalidity of the contract. Such is not the law under the circumstances present in this case. In *Eulenberg* v. *Torley's Inc.*, 56 Cal.App.2d 653 [133 P.2d 15], the court was faced with the question of the effect of a judgment of nonsuit in a prior action between the parties wherein the court had ruled that the written agreement upon which the action was based did not constitute a lease. Said the court (pp. 656-657):

"The appellants first contend that the judgment in the prior action, being based upon a nonsuit insofar as the first cause of action is concerned, is not a bar to another action presenting the same issues. Cases are cited wherein it has been held that judgments of nonsuit based upon the insufficiency

of the evidence are not a bar to subsequent suits on the same causes of action for the reason that they are not judgments on the merits.[2] This is not the rule, however, when a nonsuit is based upon the ground that the evidence introduced shows affirmatively, as a matter of law, that the plaintiff is not entitled to recover. It is well settled that any decision determining the validity of a written instrument or passing upon a controversy with respect to the interpretation thereof is a decision on the merits. [Citations.] The judgment in the former action was based upon a holding that the written instrument relied upon by the appellants, both in the former action and this action, did not constitute a lease, that no lease between the parties existed and that these appellants had no possessory rights in and to the premises in question. . . . [T]he judgment in that action having become final the interpretation thus given is conclusive and binding upon the parties as to all issues which depend upon rights arising from such purported lease. Insofar as this action is based upon the existence of the lease, or the interpretation thereof . . . this action was clearly barred by the judgment in the former action, which is res judicata as to such issues.'' By analogy to the Eulenberg case, it is evident that the trial court in the instant case was bound by the determination of the invalidity of the contract by the court in the prior suit between the parties.

Since no findings were made by the court in the prior action and since there was nothing in the judgment roll which indicated the court's reasons for granting the motion for a nonsuit in that action, the trial court herein further concluded that the judgment of nonsuit established only that the plaintiffs (defendants herein) were unable to prove their case for declaratory relief. Defendants argue, and the trial court agreed, that the opinion of the court in the prior action was not admissible to show what matters were decided by the judgment in that case. They cite several cases to the effect that the opinion of a trial court is no part of the record on appeal and ''cannot be considered by the court in any manner or for any purpose.'' (*De Cou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444].) These decisions were rendered before the adoption of the present Rules on Appeal. Rule 5(a) expressly authorizes the inclusion of any *written* opinion

---

[2]These cases are now superseded by Code of Civil Procedure, section 581c.

of the trial court in the record on appeal. ▮ Although the trial court's written opinion still may not be used to impeach its findings and judgment (*Estate of Bullock,* 133 Cal.App.2d 542, 549 [284 P.2d 960]; *City of Daly City* v. *Smith,* 110 Cal.App.2d 524, 529 [243 P.2d 46]), it is well established today that the opinion may be used for some purposes, such as explaining the basis of the court's ruling. (*Estate of Bullock, supra,* p. 549; *Canepa* v. *Sun Pacific, Inc.,* 126 Cal.App.2d 706, 714 [272 P.2d 860]; *City of Daly City* v. *Smith, supra,* p. 529; *Noble* v. *Kertz & Sons Feed & Fuel Co.,* 72 Cal.App.2d 153, 158 [164 P.2d 257]; *Kallmeyer* v. *Poore,* 52 Cal.App.2d 142, 152 [125 P.2d 924].) Moreover, even though an *oral* opinion of the trial court is not part of the record it has been held that oral opinions also may be considered for the purpose of determining the basis of the court's action. (*Coakley* v. *Ajuria,* 209 Cal. 745, 749 [290 P. 33]; *In re Oster,* 135 Cal.App.2d 769, 775 [287 P.2d 859].) In any event none of the cases noticed above are directly applicable to the question which confronts us; each of those cases dealt with the propriety of a consideration of the opinion of the trial court *by the reviewing court which is deciding the case on appeal.* The issue before us is the propriety of the consideration by a court in one case of an oral opinion of a trial court in *another* case for the purpose of ascertaining what matters were decided in the latter.

The following statement appears in several cases: "In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, *either upon the face of the record or by extrinsic evidence,* that the identical questions involved in the issues to be tried were determined in the former action." (Emphasis added.) (*Agnifili* v. *Lagna,* 204 Cal. 262, 266 [267 P. 705]; *Beronio* v. *Ventura County Lbr. Co.,* 129 Cal. 232, 236 [61 P. 958, 79 Am.St.Rep. 118]; *County of Sonoma* v. *DeWinton,* 105 Cal.App. 166, 173 [287 P. 121]. See also *Russel* v. *Place,* 94 U.S. 606, 608 [24 L.Ed. 214]; *Ferrea* v. *Chabot,* 63 Cal. 564, 570.) ▮ It is clear from the above statement that evidence *other than* the record itself may be considered in order to determine what questions were actually decided by the court. It appears to us that there is no better extrinsic evidence on this issue than the oral opinion of the judge who has himself decided the case. ▮ Therefore, the trial court in the instant case erred when he refused

to admit in evidence the certified copy of the oral opinion of the court in the prior action between the parties. That opinion clearly disclosed that the basis for the nonsuit in the prior case was the court's decision that the failure to comply with section 820 of the Corporations Code rendered the contract invalid.

The ruling that the contract was invalid, even if erroneous, was binding upon the trial court in the instant case. ██ Once it was established that the circumstances surrounding the execution of the contract did not meet the requirements of Corporations Code, section 820, the burden shifted to the defendants to show their good faith and the fairness of the contract to the corporation. ██ "A director is a fiduciary. [Citation.] So is a dominant or controlling stockholder or group of stockholders. [Citation.] Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged *the burden is on the director* or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. [Citation.] The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain." (Emphasis added.) (*Pepper* v. *Litton*, 308 U.S. 295, 306-307 [60 S.Ct. 238, 84 L.Ed. 281]; *Kennerson* v. *Burbank Amusement Co.*, 120 Cal.App.2d 157, 172 [260 P.2d 823]; *Remillard Brick Co.* v. *Remillard-Dandini Co.*, 109 Cal.App. 2d 405, 420 [241 P.2d 66].) Applying these principles to the case at bar, it is apparent that plaintiff presented a prima facie case for recovery of secret profits from defendants. The trial court adopted the wrong theory in deciding that plaintiff was required to show that Midway was selling below its cost; the court apparently felt that damage to Midway had to be shown and that sales below cost would be the essential evidence of such damage. ██ "The corporation is entitled, of course, to recover secret profits obtained by a director . . . by a violation of the obligations resting on him. It is entirely immaterial that the corporation may not have been damaged by the transaction in which they were made." (*Western States Life Ins. Co.* v. *Lockwood*, 166 Cal. 185, 195 [135 P. 496]. See also *Western States Life Ins. Co.* v. *Lockwood*, 173 Cal. 734, 739 [161 P. 498]; *Kleinsasser* v. *McNamara*, 129 Cal.App. 49, 58 [18 P.2d 423].) ██ Thus, it was not necessary that plaintiff prove that the sales by

16

Midway to defendants were below Midway's costs. Upon it being shown that these sales were at prices below those charged to other customers, it was then incumbent upon defendants to show that they acted in good faith; that these lower prices were not unreasonable under the circumstances; that, for example, they were justified by defendants' large volume of purchases or by other sound business reasons. Therefore, the motion for nonsuit should not have been granted.

The judgment is reversed.

Ashburn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 5, 1958.