[Civ. No. 6824.    Fourth Dist.    June 21, 1961.]

EARNEST E. GRABLE et al., Appellants, v. G. W. MARTIN et al., Respondents.

Earnest E. Grable and Iona May Grable, in pro. per., for Appellants.

G. W. Martin, in pro. per., Thompson & Colegate and King & Mussell for Respondents.

THE COURT.—Plaintiffs and appellants brought an action in the superior court against defendants and respondents for personal injuries claimed to have been suffered by reason of an automobile accident. Upon the completion of plaintiffs' testimony, the trial court granted a judgment of nonsuit. Defendants' motion to dismiss the appeal was on the ground that the time for appeal had expired when the notice of appeal was filed and on the further ground of lack of due diligence in perfecting the appeal. A certificate of the county clerk shows that the minutes of the court of October 20, 1960, as entered by the clerk in the permanent minutes contain the entry, "Motion for Judgment of Non-Suit as to defendants Stockman and Richardson, is by the Court granted." Another nonsuit was previously granted as to defendant John Phillips. ▪ It should be here noted that these orders did operate as an adjudication upon the merits, since the court did not direct otherwise, i.e., that a signed order of dismissal was to follow. (Code Civ. Proc., § 581c; rule 2 (a) and (b), Rules on Appeal.)

A signed formal judgment of dismissal was subsequently filed and entered on October 31, 1960. No notice of intention to move for new trial was filed. Notice of appeal was filed on December 27, 1960, i.e., within 60 days after the entry of the signed formal order, but 67 days after the judgment of nonsuit was granted and entered in the permanent minutes. ▪ The only question is whether the time begins to run from the date of granting the judgment of nonsuit and entry in the minutes or from the date of the entry of the formal order of dismissal.

This question is settled by the case of *Costa* v. *Regents of University of California*, 103 Cal.App.2d 491 [229 P.2d 867], where it is held, quoting from the syllabus:

"An appellate court will dismiss an appeal filed beyond the prescribed period after entry of a minute order granting a

nonsuit, although the appeal is filed within the prescribed period as measured from the date of a formal judgment of nonsuit entered subsequent to the minute order, since such order is the appealable order. (Rules on Appeal, rules 2(a) and 2(b).)'' See also *McColgan* v. *Jones, Hubbard etc., Inc.*, 11 Cal.2d 243 [78 P.2d 1010]; *Wulfjen* v. *Dolton*, 24 Cal.2d 878, 880 [151 P.2d 840]; *Cullen* v. *Spremo*, 142 Cal.App.2d 225, 231 [298 P.2d 579].

In view of this conclusion, it becomes unnecessary to determine the question of due diligence in the preparation of the appeal.

Appeal dismissed.

Appellants' petition for a hearing by the Supreme Court was denied August 16, 1961.