[Crim. No. 6123. First Dist., Div. Four. May 31, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. MACK MILLS, JR., et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Donald J. Kaplan, Deputy District Attorneys, for Plaintiff and Appellant.

Cary G. Branch for Defendants and Respondents.

CHRISTIAN, J.—The People appeal from an order made under Penal Code section 995, setting aside an information which charged respondents with violation of section 11530 of the Health and Safety Code (possession of marijuana). We uphold the trial court's determination that the evidence heard at the preliminary hearing was not sufficient to sustain an order holding the defendants to answer.

The magistrate's order holding respondents to answer rested entirely upon evidence, admitted over objection, which had been seized in a night search under authority of a search warrant. There is no contention that the facts would have justified a search without a warrant. On the other hand the evidence, which included a small quantity of marijuana found in quarters shared by the respondents, was plainly sufficient if it was lawfully obtained; thus the sole question in this appeal is the competency of the search warrant to authorize a night search. The parties earnestly contend over the sufficiency of the affidavit presented to the magistrate by the police to justify issuance of a search warrant, the adequacy of the warrant's description of the place to be searched, and the authority of the Los Angeles city police to execute a warrant at a place lying outside the city limits. ██ We do not reach any of these questions because the warrant was incompetent on its face to authorize a night search.

In issuing the search warrant, the magistrate used a mimeographed form which adapts for use in Los Angeles County the form of warrant prescribed by Penal Code section 1529. The passage in the statutory form relating to the time of search reads, ". . . you are therefore commanded, in the daytime (or at any time of the day or night, as the case may be, according to Section 1533), to make immediate search. . . ." This language was paraphrased in the mimeographed form used by the magistrate as follows: ". . . you are, therefore,

commanded to make immediate search in the daytime (at any time of the day or night, good cause being shown therefor) of the premises. . . ." Both forms obviously anticipate that when the judge has decided whether to authorize a night search he will strike out superfluous words so as to cause the warrant to reflect his decision. The municipal judge did not do that in the present case.

■ Search of a person's home or his effects is a drastic intrusion upon personal rights; therefore statutes regulating the use of search warrants should be construed in favor of the individual. (*Sgro* v. *United States* (1932) 287 U.S. 206, 210 [77 L.Ed. 260, 262, 53 S.Ct. 138, 85 A.L.R. 108].) ■ Daytime service is to be preferred to search at night; therefore, where a statute authorizes nighttime service when certain requirements are met, the warrant must conform to the statutory requirements in every material detail. (See *King* v. *United States* (4th Cir. 1960) 282 F.2d 398, 400; *United States* v. *Borkowski* (D.C. Ohio 1920) 268 F. 408, 410-411.) ■ The requirements of search warrant statutes are mandatory in every material respect. (*Talley* v. *State* (1961) 208 Tenn. 275 [345 S.W.2d 867, 869]; *State* v. *Vuin* (Ohio Ct. Com. Pleas 1962) 89 Ohio Abs. 193 [185 N.E.2d 506, 509-510]; see also *In re Raner* (1963) 59 Cal.2d 635, 639 [30 Cal.Rptr. 814, 381 P.2d 638]; 79 C.J.S., Searches and Seizures, § 79, pp. 882-883.) Penal Code section 1533 provides: "On a showing of good cause therefor, the magistrate may, in his discretion, insert a direction in the warrant that it may be served at any time of the day or night; in the absence of such a direction, the warrant may be served only in the daytime."

■ Here the mandatory requirement that the magistrate exercise his discretion by inserting a direction has not been met. Because the warrant was not made to conform to either of the options open to the magistrate, this court cannot determine whether or not he exercised the discretion vested in him by the statute. ■ The householder is entitled to the assurance that the magistrate has considered and decided whether the facts justify a night search. Contrary to that principle, the warrant here was issued in such form as reasonably to suggest an inference that the question of time of search was overlooked. ■ Failure to insert a direction as to day or night service is not fatal where the warrant was executed in the daytime. (*People* v. *Daily* (1958) 157 Cal. App.2d 649, 653 [321 P.2d 469]; see also *People* v. *Prieto* (1961) 191 Cal.App.2d 62, 65 [12 Cal.Rptr. 577], overruled

on other grounds, *People* v. *Butler* (1966) 64 Cal.2d 842, 844-845 [52 Cal.Rptr, 4, 415 P.2d 819].) But night search is not authorized unless a direction to that effect is inserted.

 Appellant contends that the search warrant, read as a whole, allows nighttime execution and that the magistrate did not need to strike any words from the form in order to direct night execution, although he would have had to strike the portion in parentheses "(at any time of the day or night, good cause being shown therefor)" if he intended daytime execution only. The fallacy of this argument is that Penal Code section 1533 expressly requires an affirmative act on the part of the magistrate if night search is to be authorized whereas on the theory advanced by respondent, night search would be authorized as a matter of course unless the magistrate undertook to strike out the provision quoted above. Such an interpretation would be contrary to the policy of the statute.

Of course, we do not condemn the use of appropriate printed or duplicated forms in the issuance of search warrants. The insertion of an authorization for night search may be accomplished by the magistrate's selecting for issuance a warrant form containing such a direction. Or, when a form providing for both options is used, the magistrate should mark the form so as to indicate his decision. The default here lies in the failure to emend upon issuance a form which, if not appropriately modified, suggests that discretion may not have been exercised.

The order is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied June 30, 1967, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1967.