[Civ. No. 25776.   First Dist., Div. Four.   Sept. 27, 1968.]

LEWIS HUGH CALL, Petitioner v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

164

Mintz, Giller, Himmelman & Mintz and Lincoln N. Mintz for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Michael Buzzell, Deputy Attorneys General, for Real Party in Interest.

CHRISTIAN, J.—Having received reliable information from petitioner's landlady that he possessed a dish of marijuana in his house, a deputy sheriff of Humboldt County made an affidavit for a search warrant and presented it to a magistrate at night. ▮▮▮ The affidavit requested that the warrant authorize a night search. However, the magistrate neglected to indicate in the warrant any decision he may have reached in that regard. He issued a form warrant containing alternative language authorizing either a day or unlimited search and did not mark out one of the options. (See *People* v. *Mills* (1967) 251 Cal.App.2d 420 [59 Cal.Rptr. 489].) The search was made the same night and marijuana was found. Petitioner was duly charged with possession. He moved for suppression of the evidence, under the authority of *People* v. *Mills*, and upon denial of that motion has petitioned us for relief under Penal Code section 1538.5.

The Attorney General seeks to distinguish *Mills* on the ground that here the affidavit specifically requested that a night search be authorized, and furthermore the magistrate issued the warrant during the nighttime. These circumstances, it is contended, show that the magistrate must have intended to authorize a night search. We do not agree. If the inclusion of the request for a night search in the affidavit were to be given the effect contended for, the householder's entitlement to an exercise of discretion on the part of the magistrate could be avoided by including such a request in the printed form of affidavit. The fact that the magistrate issued the warrant after regular office hours likewise does not show that discretion was exercised. It might just as well be the case that the officer went to the magistrate after hours because he knew that the magistrate was going out of town the next day. The statute requires that the magistrate must "insert a direction" in the warrant in order to authorize a night search. (Pen. Code, § 1533.) When a warrant form covering both options is used, the failure of the magistrate to mark the form appropriately cannot be held to be equivalent to such insertion.

The Attorney General rightly points out that a small sample of petitioner's marijuana, which was delivered to the police by petitioner's landlady, is not subject to a *Mills* attack. That marijuana is excluded from our disposition.

A writ of mandate will issue directing suppression of the evidence seized at night under authority of the warrant.

Devine. P. J., and Rattigan, J., concurred.