**Dorothy PADDLEFORD, Plaintiff,**

v.

**Eugene BISCAY et al., Defendants.**

**No. 47612.**

United States District Court
N. D. California.

Nov. 25, 1969.

Lewis, Rouda & Winchell, San Francisco, Cal., for plaintiff.

Ropers, Majeski & Phelps, Redwood City, Cal., for defendants.

GERALD S. LEVIN, District Judge.

This is an action for damages arising under the Civil Rights Act (42 U.S.C. § 1983). One of the defendants is Eugene [sic] Biscay, a judge of the municipal court of the State of California. Defendant Biscay is charged with violating plaintiff's civil rights by having a form of warrant printed which permitted service day or night for warrants involving traffic violations. Defendant Biscay was not required to personally sign such warrants, but rather a facsimile of his signature could be affixed thereon. If any law enforcement officer wanted a warrant for a traffic violation, he need not go before a magistrate, but could go to the municipal clerk's office where said printed forms of warrants with the pre-stamped signature of Defendant Biscay could be found. The law enforcement officer could then serve the form of warrant upon any person that the officer might name therein and be permitted to serve the same day or night.

The questions we are faced with here are: (1) Is the above-described procedure relating to the issuance of pre-stamped, form warrants permissible under California law? and, if not, (2) Is Defendant Biscay liable in his judicial capacity for the acts described?

(1)

California Penal Code § 840 reads as follows:

> If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor, the arrest cannot be made at night, *unless upon the direction of the magistrate, indorsed upon the warrant*, except when the offense is committed in the presence of the arresting officer. (Emphasis added.)

This section makes a clear and reasonable distinction between the arrest procedure to be followed in cases of felonies and that for misdemeanors. The legislative purpose was to protect people in the security of their homes at night, while acknowledging that a person taken into custody at night would have a difficult time securing bail or legal counsel. See People v. Weitzer, 269 A.

C.A. 312, 326, 75 Cal.Rptr. 318 (1969). Such nighttime service is especially uncalled for in the case of minor traffic violations. See, e. g., California Penal Code § 818.

It has been held, therefore, that in the absence of a direction properly indorsed upon a warrant, no arrest can be made under it at night. People v. Weitzer, *supra* at 326, 75 Cal.Rptr. 318. Cf. Call v. Superior Court, 266 Cal.App.2d 163, 164, 71 Cal.Rptr. 546 (1968); People v. Mills, 251 Cal.App.2d 420, 422–423, 59 Cal. Rptr. 489 (1967); California Penal Code § 1533. Both the *Call* and *Mills* cases, *supra,* held that a search warrant which in form contains alternative directions [for day or night service] will not suffice to authorize nighttime service where there is nothing on the face of the warrant to show that the magistrate designated either alternative.

In the *Weitzer* case, *supra,* dealing with an arrest warrant, it was found permissible for pre-stamped form warrants to issue for traffic violations because it was clearly designated on the form of the warrant that it could be executed at night. *Id.* at 326, 75 Cal.Rptr. 318. Defendant Biscay argues that *Weitzer* is controlling here because it dealt with arrest warrants and that *Call* and *Mills* are distinguishable because they dealt with search warrants.

We do not find the distinction convincing. *Call* and *Mills* dealt with the very practice here complained of, namely warrants serviceable either day or night without the required direction of a magistrate. *Weitzer* distinguished *Call* and *Mills,* as indeed it had to, by noting that the warrant before the court there presented no such ambiguity: "It clearly directs that it may be executed at night * * *" *Id.* We find the reasoning and holdings of *Call* and *Mills* to be both apposite and persuasive. Defendant Biscay did not direct a nighttime service to be made in the instant case nor did he indorse same, thus failing to comply with the requirements of California Penal Code § 840. As a result, the warrant under which the plaintiff was arrested was defective and her arrest invalid.

(2)

■ Assuming as we do that Defendant Biscay's actions were not in conformance with statutory requirements, we are left with the question of whether or not he is, or can be, liable in damages to the plaintiff under the Civil Rights Act, *supra.* The answer to this depends on whether, and to what extent, Defendant Biscay can raise the defense of judicial immunity.

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction. This immunity applies even when the judge is accused of acting maliciously or corruptly. Such immunity is not to protect wayward judges, but rather to protect the public, in whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences. See Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). See also Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964).

The test for the availability of the defense of judicial immunity was set out in the landmark case of Bradley v. Fisher, 13 Wall. 335, 351, 80 U.S. 335, 351, 20 L.Ed. 646 (1872), wherein Justice Field, writing for the Court, held that judicial immunity existed unless the judge in question had acted in the absence of all jurisdiction. "A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter." *Id.*

The "clear-absence-versus-mere-excess of jurisdiction" distinction is still the law today, Bauers v. Heisel, 361 F.2d 581, 591 (3rd Cir. 1966), and judicial immunity was not abrogated by the Civil Rights Act, *supra.* Pierson v. Ray, *supra,* 386 U.S. at 554, 87 S.Ct. 1213; Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969); Bauers v. Heisel, *supra,* 361 F.2d at 591.

In the instant case, it is clear that Defendant Biscay, as municipal judge, had subject matter jurisdiction over the traffic violation and issuance of a warrant referring thereto which are the subjects of this suit. We have concluded above that Defendant Biscay's actions were not in conformance with California statutory law, but his actions were at most in excess of jurisdiction lawfully conferred upon him. Defendant Biscay was empowered to sign and issue warrants for nighttime service; unfortunately the manner in which he proceeded to do this was not up to the required statutory standards.

Defendant Biscay is therefore immune from suit for damages for those acts charged in the complaint and the action herein is dismissed as to him.