[Civ. No. 12558. Third Dist. July 1, 1970.]

BRUCE DENNIS POWELSON et al., Petitioners, v.
THE SUPERIOR COURT OF YOLO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Thomas A. Purtell and David G. Dunford for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Willard F. Jones, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**BRAY, J.***—Petitioners seek a writ of mandate to compel the Yolo County Superior Court to change its ruling in regard to search warrants used in obtaining evidence against petitioners in proceedings under indictment 3791 of that court.

### QUESTIONS PRESENTED

1. Three of the search warrants are invalid for lack of supporting affidavits in writing.

2. All four search warrants were served at night without authorization therefor.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

On September 15, 1969, Lieutenant Richard MacKenzie of the Yolo County sheriff's office and Officer Thomas Elliott of the Davis Police Department appeared in the Justice Court of the Davis Judicial District before Judge Charles McGahan and requested three search warrants for the search of premises located at 1509 Drexel Drive, 1217 Olive Drive and 1032 Olive Drive, Davis, California. To establish probable cause, the magistrate between 3:35 and 4:09 p.m. took extensive sworn testimony from said officers in the presence of a court reporter. No affidavits were made or presented. Search warrants were issued.

Between 8:30 and 10 p.m., the same evening, Officer Elliott appeared before Judge McGahan and requested a fourth search warrant for a fourth address.[1] Due to the absence of a court reporter, a written affidavit incorporating the afternoon's sworn testimony, as well as other matters, was filed. A search warrant was issued. All four search warrants were served at night on the premises described, certain contraband was seized, and petitioners were arrested. Indictment 3791 followed, charging defendants with various violations of the drug laws.

On October 24, petitioners moved under section 1538.5 of the Penal Code to suppress the evidence taken in the searches. The motion was denied. Thereupon petitioners brought this proceeding to determine the validity of the search warrants and the searches.

1. Failure to file affidavits in writing.

Section 1525, Penal Code, provides: "A search warrant cannot be issued but upon probable cause, *supported by affidavit,* naming or describing the person, and particularly describing the property and the place to be searched." (Italics added.)

Section 1526: "The magistrate *may,* before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and *must* take his *affidavit or their affidavits in writing,* and cause same to be subscribed by the party or parties making same."[2] (Italics added.)

It would seem that no language could be clearer than that in these two sections as to what is required to get a search warrant—an affidavit in writing subscribed by the person seeking the warrant. While the magistrate *may also* examine the person on oath, as was done in the instance

---

[1] For clarity, the first three warrants will be so referred to and the last one will be called the fourth warrant.

[2] Section 1527 states what the affidavit must contain.

of the three warrants, he *must* take the person's affidavit in writing, subscribed by that person.

Respondent points to no California authority holding that a search warrant may be issued without an affidavit in writing being taken by the magistrate.

Moreover, *Dunn* v. *Municipal Court* (1963) 220 Cal.App.2d 858 [34 Cal.Rptr. 251], holds, pages 873-874, that, although under section 1526 the magistrate may examine on oath the person seeking the search warrant "for the purpose of soliciting additional facts" he *must* take the affidavit of such person in writing and cause it to be subscribed by the person.

The Attorney General contends that, since in some jurisdictions "affidavit" and "deposition" have been interpreted synonymously an "oral sworn statement" by some verbal legerdemain may also be interpreted to be synonymous with "affidavit," in spite of the fact that an oral sworn statement differs from both a deposition and an affidavit in that the former is not in writing, and an affidavit is a *sine qua non* for the issuance of a search warrant. Assuming, although it is a violent assumption, that a depositon, a sworn statement and an affidavit are synonymous, the deposition and statement would still have to be subscribed before they could comply with section 1526.

The history of section 1526, when viewed with the clear language of that section, demonstrates that the People's interpretation of that section is erroneous. Before 1957, the magistrate was required to take the deposition of the person before issuing the warrant (§ 1526, enacted 1872). The 1957 amendment replaced the word deposition with the word affidavit to make clear that a sworn statement of facts contained in an affidavit (not a question and answer type of proceeding) was required. This amendment indicates that the Legislature placed importance on the requirement that a written signed document containing facts tending to establish probable cause be available before the magistrate could issue the warrant. The 1957 amendment also placed within the discretion of the magistrate the question of whether also to examine, under oath, the person seeking the warrant. Prior to this amendment, the magistrate was *required* to examine the person under oath. The problem here presented is not one of "technicalities without substance" but one of clear legislative command.

The sworn statement was not an affidavit and the three warrants based thereon are void.

The People make the rather interesting but illogical contention, which does not justify discussion, that the affidavit filed in regard to the fourth

warrant could be considered as basis ex post facto for the already issued three warrants as to which no affidavits had been filed.[3]

2. Night service of warrants.

Petitioners contend that all four warrants are fatally defective for night service because of their respective language. We agree.

Section 1533 provides what a search warrant must direct as to the time of its service. "On a showing of good cause therefor, the magistrate may, in his discretion, insert a direction in the warrant that it may be served at any time of the day or night; in the absence of such a direction, the warrant may be served only in the daytime."

The pertinent portions of all four search warrants provided ". . . you are, therefore, commanded to make immediate search in the daytime (*at any time of the day or night, good cause being shown therefor*)."[4] (Italics added.)

*People* v. *Mills* (1967) 251 Cal.App.2d 420, 422 [59 Cal.Rptr. 489], points out "The requirements of search warrant statutes are mandatory in every material respect. [Citations.]" In that case, the direction for time of service of the search warrant was practically in the exact alternative language as is the direction in the warrants in the instant case. The reviewing court there held that the form set forth in Penal Code section 1529 obviously anticipates that, "when the judge has decided whether to authorize a night search he will strike out superfluous words so as to cause the warrant to reflect his decision." The court held further "[t]he mandatory requirement that the magistrate exercise his discretion by inserting a direction has not been met. Because the warrant was not made to conform to either of the options open to the magistrate, this court cannot determine whether or not he exercised the discretion vested in him by the statute." The court held that the warrant on its face was incompetent to authorize a night search. *Call* v. *Superior Court* (1968) 266 Cal.App.2d 163, 164 [71 Cal.Rptr. 546], dealt with "a form warrant containing alternative language authorizing either a day or unlimited search" in which the magistrate "did not mark out one of the options." (P. 164.) In issuing a writ of mandate suppressing the evi-

---

[3]As hereinbefore stated, the fourth warrant was issued based upon a combination of an affidavit in writing and the sworn statement used in connection with the issuance of the three warrants hereinbefore discussed. It was stipulated in the trial court that the determination of the sufficiency of that affidavit and statement was reserved to await the outcome of this proceeding for further proceedings in the trial court. Therefore, it is unnecessary for us to consider their sufficiency.

[4]The alternative language appearing in the search warrants is substantially that set forth in the form of search warrant suggested in section 1529.

dence obtained at night under authority of the warrant, the court held that the warrant was insufficient to support a night search.

The People in the case at bench admit that the same alternative language that was used in *People* v. *Mills, supra,* and *Call* v. *Superior Court, supra,* was used in the instant case, but attempt to distinguish those cases from the instant one by contending that the magistrate did exercise his discretion with reference to the four warrants. On the motion under section 1538.5, the magistrate testified that he, in fact, intended to authorize nighttime service of the warrants and that he expressed this intention by *not* deleting "at any time of the day or night good cause being shown therefor." In essence, the People are contending that although the California cases have held that a failure to act is a failure to exercise discretion, a magistrate must be presumed to have exercised proper discretion pursuant to section 1533 if he later testifies that his failure to act was actually an exercise of his discretion.

This contention overlooks the fact that the householder upon whom the warrant is served "is entitled to the assurance that the magistrate has considered and has decided whether the facts justify a night search. Contrary to that principle, the warrant here was issued in such form as reasonably to suggest an inference that the question of time of search was overlooked." *(People* v. *Mills, supra,* p. 422.)

The People's contention also ignores the fact that the statute "requires that the magistrate must 'insert a direction' in the warrant in order to authorize a night search. (Pen. Code, § 1533.) When a warrant form covering both options is used, the failure of the magistrate to mark the form appropriately cannot be held to be equivalent to such insertion." *(Call* v. *Superior Court, supra,* 266 Cal.App.2d at p. 164.)

The People cite *People* v. *Weitzer,* 269 Cal.App.2d 274 [75 Cal.Rptr. 318], in support of its position. The case is not in point, as endorsed on the warrant there clearly appeared the words "This warrant may be executed at night." (P. 286.) Moreover, the court cited, with apparent approval, *People* v. *Mills, supra,* 251 Cal.App.2d 420, 422.

It is impossible to understand the People's theory that the fact that the warrant in *People* v. *Mills, supra,* was on a mimeographed form and those in the instant case were not is some manner of indication that the magistrate had exercised his discretion and authorized their use at night. Likewise, there is no merit to the contention that as there is no evidence that the householder looked at the warrants to determine whether they could be served at night, that fact validated the warrants for night search.

In summation, the three warrants are void for lack of the necessary affidavits; the searches and seizures under all four warrants are void because not authorized to be made at night.

█ At the hearing of the motion to suppress, it was stipulated that all issues other than the two discussed herein be held to await the outcome of the petition for writ of mandate herein. In spite of the invalidities we have determined here, it does not necessarily follow that the material seized cannot be admitted in evidence against petitioners. If the People can justify the arrest and search without relying on the warrants, the evidence seized can be admitted at trial. The fact that the homes were searched pursuant to the search warrants would not preclude a finding that the homes could have been searched without search warrants. (*People* v. *Hamilton* (1969) 71 Cal.2d 176, 182-183 [77 Cal.Rptr. 785, 454 P.2d 681]; *People* v. *Castro* (1967) 249 Cal.App.2d 168, 174-176 [57 Cal.Rptr. 108]; see also *People* v. *Graves* (1968) 263 Cal.App.2d 719, 736-737 [70 Cal.Rptr. 509]; *People* v. *Pineda* (1967) 253 Cal.App.2d 443, 471-472 [62 Cal.Rptr. 144].)

Let a peremtory writ of mandamus issue directing the superior court to conduct further proceedings on the issue of whether the officers had within their knowledge at the time of the arrests and search probable cause to search, or to arrest and search the premises in question without a warrant.

Pierce, P. J., and Regan, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 26, 1970.