[Civ. No. 27604. First Dist., Div. Two. Dec. 20, 1971.]

DOROTHY PADDLEFORD, Plaintiff and Appellant, v.
MARCEL PIERRE BISCAY, Defendant and Respondent.

## COUNSEL

Lewis, Rouda & Winchell and Marvin E. Lewis for Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley & Wagner and Michael J. Brady for Defendant and Respondent.

## Opinion

**TAYLOR, P. J.**—Plaintiff, Dorothy Paddleford, appeals from a summary judgment dismissing her complaint against defendant, Marcel Pierre Biscay. She contends that the trial court erred in concluding that as a matter of law defendant was not liable in his judicial capacity for the acts described.

The first amended complaint alleged that defendant Biscay, a judge of the municipal court, conspired to violate Penal Code sections 813, 814, 815, 815a and 840.[1] The acts charged are that defendant Biscay had printed a form of warrant permitting service day or night for warrants involving traffic violations. Defendant Biscay was not required to personally sign such warrants, but rather, a facsimile of his signature could be affixed thereon. If any law enforcement officer wanted a warrant for a traffic violation, he need not go before a magistrate, but could go to the municipal clerk's office where said printed forms of warrants with the pre-stamped signature of Judge Biscay could be found. The law enforcement officer could then serve the form of warrant upon any person that the officer might name therein and be permitted to serve the same, day or night. The complaint also alleged on March 9, 1967, plaintiff was arrested pursuant to such a printed warrant for a standing parking violation contrary to Burlingame City Ordinance 1340100, denied bail, and subjected to assault and battery, as well as false imprisonment.

We do not deem it necessary to discuss the issues raised in detail, as the parties agree that a substantially identical complaint raising the same issues was filed by plaintiff in the federal court and dismissed in *Paddleford* v. *Biscay,* 307 F.Supp. 343, decided November 25, 1969, after the judgment in the instant case. Plaintiff erroneously asserts that the federal court judgment does not collaterally estop her from the instant action as it was not raised below and was not a judgment on the merits. As to the first point, the general rule that a defense must be pleaded and proved at the trial is subject to an exception where the prior judgment is not yet final at the time of trial (*Johnston, Baker & Palmer* v. *Record Machine & Tool Co.,* 183 Cal.App.2d 200, 211 [6 Cal.Rptr. 847]). Even if not final until after an appeal from the second judgment, the prior judgment may be brought to the attention of the appellate court, as was done here (*Haines* v. *Pigott,* 174 Cal.App.2d 805 [345 P.2d 339]).

As to plaintiff's second point, since the addition of Code of Civil Pro-

---

[1]Sections 813-815a set forth the procedures and forms for issuance of arrest warrants after a complaint is filed, the form and contents of the warrant and fixing a bail at the time of arrest. Section 840 is quoted subsequently in the body of this opinion.

cedure section 581c in 1947, a nonsuit is a judgment on the merits unless the court in its order otherwise directs (*Grable* v. *Martin,* 193 Cal.App.2d 241 [14 Cal.Rptr. 275]; *Tevis* v. *Beigel,* 156 Cal.App.2d 8 [319 P.2d 98]). In any event, the federal court dealt with the merits and we adopt the following pertinent portions of the court's opinion in that case.

"The questions we are faced with here are: (1) Is the above-described procedure relating to the issuance of pre-stamped, form warrants permissible under California law? and, if not, (2) Is Defendant Biscay liable in his judicial capacity for the acts described?

"(1)

"California Penal Code § 840 reads as follows:

" 'If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor, the arrest cannot be made at night, *unless upon the direction of the magistrate, indorsed upon the warrant,* except when the offense is committed in the presence of the arresting officer.' (Emphasis added.)

"This section makes a clear and reasonable distinction between the arrest procedure to be followed in cases of felonies and that for misdemeanors. The legislative purpose was to protect people in the security of their homes at night, while acknowledging that a person taken into custody at night would have a difficult time securing bail or legal counsel. See People v. Weitzer, 269 Cal.App.2d 274, 289, 75 Cal.Rptr. 318 (1969). Such nighttime service is especially uncalled for in the case of minor traffic violations. See, e.g., California Penal Code, § 818.

■ "It has been held, therefore, that in the absence of a direction properly indorsed upon a warrant, no arrest can be made under it at night. People v. Weitzer, *supra* at 289, 75 Cal.Rptr. 318. Cf. Call v. Superior Court, 266 Cal.App.2d 163, 164, 71 Cal.Rptr. 546 (1968); People v. Mills, 251 Cal.App.2d 420, 422-423, 59 Cal.Rptr. 489 (1967); California Penal Code § 1533. Both the *Call* and *Mills* cases, *supra,* held that a search warrant which in form contains alternative directions [for day or night service] will not suffice to authorize nighttime service where there is nothing on the face of the warrant to show that the magistrate designated either alternative.

"In the *Weitzer* case, *supra,* dealing with an arrest warrant, it was found permissible for pre-stamped form warrants to issue for traffic violations because it was clearly designated on the form of the warrant that it could be executed at night. *Id.* at 326, 75 Cal.Rptr. 318. Defendant Biscay argues that *Weitzer* is controlling here because it dealt with arrest warrants and

that *Call* and *Mills* are distinguishable because they dealt with search warrants.

"We do not find the distinction convincing. *Call* and *Mills* dealt with the very practice here complained of, namely warrants serviceable either day or night without the required direction of a magistrate. *Weitzer* distinguished *Call* and *Mills,* as indeed it had to, by noting that the warrant before the court there presented no such ambiguity: 'It clearly directs that it may be executed at night . . .' *Id.* We find the reasoning and holdings of *Call* and *Mills* to be both apposite and persuasive. Defendant Biscay did not direct a nighttime service to be made in the instant case nor did he indorse same, thus failing to comply with the requirements of California Penal Code § 840. As a result, the warrant under which the plaintiff was arrested was defective and her arrest invalid." (*Paddleford* v. *Biscay, supra,* pp. 343-344.)

■ Plaintiff concedes that the immunity issues under Government Code sections 811.4, 820.2, 820.4, 820.8 and 821.6[2] are identical to those raised in her federal complaint under the Civil Rights Act (42 U.S.C.A.). On this issue, the federal court assumed that defendant Biscay's actions were not in accord with statutory requirements but held that he could raise the defense of judicial immunity, stating at pages 344 and 345: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction. This immunity applies even when the judge is accused of acting maliciously or corruptly. Such immunity is not to protect wayward judges, but rather to protect the public, in whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences. See Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). See also Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964).

"The test for the availability of the defense of judicial immunity was set out in the landmark case of Bradley v. Fisher, 13 Wall. 335, 351, 80 U.S. 335, 351, 20 L.Ed. 646 (1872), wherein Justice Field, writing for the Court, held that judicial immunity existed unless the judge in question had acted in the absence of all jurisdiction. 'A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter.' *Id.*

"The 'clear-absence-versus-mere-excess of jurisdiction' distinction is still the law today, Bauers v. Heisel, 361 F.2d 581, 591 (3rd Cir. 1966), and

[2]These Government Code sections detail the nonliability of public employees for their acts.

judicial immunity was not abrogated by the Civil Rights Act, *supra.* Pierson v. Ray, *supra,* 386 U.S. at 554, 87 S.Ct. 1213; Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969); Bauers v. Heisel, *supra,* 361 F.2d at 591.

"In the instant case, it is clear that Defendant Biscay, as municipal judge, had subject matter jurisdiction over the traffic violation and issuance of a warrant referring thereto which are the subjects of this suit. We have concluded above that Defendant Biscay's actions were not in conformance with California statutory law, but his actions were at most in excess of jurisdiction lawfully conferred upon him. Defendant Biscay was empowered to sign and issue warrants for nighttime service; unfortunately the manner in which he proceeded to do this was not up to the required statutory standards."

We are constrained to comment that the existence of the defense of judicial immunity does not condone a procedure so clearly contrary to Penal Code section 840.

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.