[Civ. No. 42880. Second Dist., Div. Four. Nov. 30, 1973.]

GEORGE DALTON ROGERS et al., Petitioners, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Hovis, Sherr & del Campo, Robert A. del Campo and Lane R. Stuart for Petitioners.

No appearance for Respondent.

Robert N. Tait, District Attorney, and Robert L. King, Deputy District Attorney, for Real Party in Interest.

## Opinion

**KINGSLEY, J.**—Petitioners are charged in respondent court with multiple counts of receiving stolen property, in violation of section 496 of the Penal Code; petitioner Reese is also charged in one count with possession of heroin, in violation of section 11351 of the Health and Safety Code. The evidence on which those charges are based was obtained by a search of petitioner Roger's residence, purportedly on the authority of a search warrant. The sufficiency of the warrant was duly attacked in the trial court by a motion made pursuant to section 1538.5 of the Penal Code. The motion was denied and petitioners sought review in this court under subdivision (i) of section 1538.5. We issued an alternative writ of prohibition. The matter has been briefed and argued. We direct the issuance of a peremptory writ of mandate.

The warrant was issued at about 11 p.m., on the evening of May 17, 1973; it was served at about 11:30 p.m., on that same evening. The magistrate who issued the warrant is blind and it was necessary for the persons applying for the warrant to read to him the affidavit in support of the application and the form of warrant. The warrant form is a mimeographed or Xeroxed form, containing, at the appropriate place, the words and symbols as follows: ". . . you are, therefore, commanded to make immediate search in the daytime (at any time of the day or night, good cause being shown therefor) . . ." No indication appears on the face of the warrant, as issued, to indicate that either alternative time of search had been selected.

Admittedly, the affidavit for the warrant contained statements of fact which would justify a magistrate, in his discretion, in ordering a nighttime search and the affidavit also contains a specific prayer for such authority. At the hearing on the motion under section 1538.5 the magistrate testified as to his intention with reference to the time of search. At one point he testified as follows: "I don't remember specifically, but my recollection of

the thing was that there was both nighttime and daytime on there, and after hearing the affidavit together with what conversation there was with reference to it; I directed that it be served forthwith, which would have meant nighttime." A few minutes later he testified: "I think I directed that if it were going to be used at night, that the 'Daytime' should be stricken out, and then you made the correction to initial it, if I remember correctly." Why no action was taken by the scrivener to delete any of the language from the warrant form is not explained.

I

■ Section 1533 of the Penal Code provides as follows:

"Upon a showing of good cause, the magistrate may, in his discretion, insert a direction in a search warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant shall be served only between the hours of 7 o'clock a.m. and 10 o'clock p.m." The parties cite to us and rely on three cases, to wit: *Powelson* v. *Superior Court* (1970) 9 Cal.App.3d 357 [88 Cal.Rptr. 8]; *Call* v. *Superior Court* (1968) 266 Cal.App.2d 163 [71 Cal.Rptr. 546]; and *People* v. *Mills* (1967) 251 Cal.App.2d 420 [59 Cal.Rptr. 489]. We have read and considered those cases. None are exactly in point. In *Call* and in *Mills,* where warrants in the same form as that here before us were issued, the record was silent as to any affirmative determination by the magistrate as to the alternatives, although in *Call* it did appear (as in this case) that the warrant was applied for and issued at night. In *Powelson,* the magistrate testified at the hearing on the 1538.5 motion that he had, in fact, determined to authorize a nighttime search and believed he had indicated that fact by not deleting one of the alternatives.

As we have pointed out above, the testimony of the magistrate in the case at bench was, to say the least, equivocal. If (as the latter part of his quoted testimony suggests) he intended to leave the language unchanged, *Powelson* is directly in point; if, as that testimony also would suggest, he intended to leave it to the discretion of the applicant to search at night or later, *Call* and *Mills* would seem to control, since the statute requires a magisterial and not a police determination. On the other hand, if the magistrate's intention was, as is suggested by the first part of the quoted testimony, the magistrate had exercised his discretion but that discretion was not reflected in the warrant. The record before us does not indicate that the trial court ever expressly resolved that factual issue.

The People argue for the latter interpretation and contend that the cases

above discussed are not here controlling because the magistrate here had taken an affirmative step toward authorizing a nighttime search as distintinguished from the purely *negative* action in *Powelson.*

Although we would, if possible, treat a case before us as resting on implied findings that would support the trial court's order, we cannot do so in the case at bench. The magistrate's testimony, quoted above is not sufficient to support a finding that he had definitely and positively directed that the warrant issue in a form which would authorize a nighttime search. Taken as a whole that testimony supports only a finding that he was *willing* that the warrant be served "forthwith, which would have meant nighttime" but that ultimately left the choice to the applicant and the prosecutor. As *Call* and *Mills* make clear, that is not enough to validate a nighttime search.

■ As the cases above cited point out, the legislative purpose behind section 1533 is two-fold: (1) to require the magistrate to consider and determine whether he should exercise a discretion which authorizes a search peculiarly intrusive on the householder and especially dangerous to the officers; and (2) to enable the householder to know, from the face of the papers served on him, that that intrusion had, in fact, been authorized by a magistrate and that it was not the result of a mere whim or zealousness of the police.

■ Since we conclude that the record before us does not show that the first objective had been met, we do not reach the interesting question of the validity of a warrant which, by clerical error, does not accurately reflect the magistrate's determination and, thus, does not fully satisfy the second objective.

Since the warrant did not lawfully authorize the search made, the 1538.5 motion should have been granted insofar as the People relied on the warrant.

## II

A procedural problem remains. As recounted above, we issued an alternative writ of *prohibition*. Study of the record before us indicates that a permanent writ of prohibition, terminating all proceedings below, would be inappropriate. Since the trial court sustained the warrant, there was no occasion for it to pass on two other issues: (a) whether facts known to the police would have permitted a lawful search without a warrant (Cf. *Powelson* v. *Superior Court* (1970) 9 Cal.App.3d 357, 364 [88 Cal.Rptr. 8]);

(b) whether, assuming the exclusion of the evidence herein involved, the transcript of the preliminary examination (not before us on this matter) would show enough other evidence of guilt to permit a denial of a motion under section 995. The proper disposition by this court, thus, is mandate and not prohibition. We so direct.

The alternative writ of prohibition is discharged. Let a peremptory writ of mandate issue, directing the trial court to vacate its order denying defendants' motion to suppress and to reconsider that motion in the light of the closing paragraph of this opinion.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 19, 1973, and the following opinion was then rendered:

**THE COURT.**—In our opinion heretofore filed, we intended to go no further than to say that the record must show that the magistrate had affirmatively determined that a nighttime search was to be permitted and that he had affirmatively directed that the warrant so show. If the magistrate has exercised his statutory discretion in an affirmative manner, the officer has discretion as to whether to avail himself of that authority and discretion as to the hour of service.

As we said in our opinion, we do not reach, in the case at bench, the question of a scrivener's clerical error in putting on paper what the magistrate had ordered to be so recorded.

The petition of the real party in interest for a hearing by the Supreme Court was denied January 24, 1974.