990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. BELL, Plaintiff-Appellant,
v.
BOARD OF SUPERVISORS, COUNTY OF MONTEREY; et al.,
Defendants-Appellees.
 No. 91-15849.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James R. Bell appeals pro se the district court's order dismissing Bell's action pursuant to Fed.R.Civ.P. 12(b)(1) & (6). The district court held that Bell's action was barred by the doctrines of res judicata and collateral estoppel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Hirst v. California, 770 F.2d 776, 777 (9th Cir.1985), and affirm.
 
 
 3
 " 'It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.' " Hoffman Constr. Co. v. Active Erectors & Installers, Inc., 969 F.2d 796, 799 (9th Cir.1992) (quoting Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)), cert. denied, 61 U.S.L.W. 3581 (U.S. Feb. 22, 1993) (No. 92-869).
 
 
 4
 "California applies collateral estoppel when: (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication."
 
 
 5
 Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc., 942 F.2d 1457, 1462 (9th Cir.1991) (quoting Hirst, 770 F.2d at 778). Moreover, in California, "res judicata precludes a plaintiff from litigating a claim if the claim relates to the same primary right as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1036 (9th Cir.1990) (citations and quotations omitted), cert. denied, 112 S.Ct. 417 (1991).
 
 
 6
 [W]here the federal constitutional claim is based on the same asserted wrong as was the subject of a state action, and where the parties are the same, [r]es judicata will bar the federal constitutional claim whether it was asserted in state court or not, for the reason that the state judgment on the merits serves not only to bar every claim that was raised in state court but also to preclude the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief.
 
 
 7
 Scoggin v. Schrunk, 522 F.2d 436, 437 (9th Cir.1975), cert. denied, 423 U.S. 1066 (1976).
 
 
 8
 In his complaint in federal court, Bell alleged that he was prevented, under the Carmel Area Land Use Plan, from constructing a single-family dwelling on his property and therefore was unable to sell the property. He also alleged that defendants denied his application "for some viable use of [his] ... property, a concrete pad to park motorhome vehicles." He alleged that defendants' actions constituted a complete taking of his property without just compensation.
 
 
 9
 The record shows that Bell previously filed two actions in California state superior court based on the same operative facts and seeking compensation both for inverse condemnation and a taking. In the first action, the superior court entered judgment on the pleadings for defendants on the ground Bell failed to state facts sufficient to constitute a cause of action. Bell v. County of Monterey, et al., No. 84051 (Cal.Sup.Ct. Aug. 29, 1986). In the second action, the superior court entered a judgment of nonsuit and denied Bell's inverse condemnation claim. Bell v. County of Monterey, et al., No. M18593 (Cal.Sup.Ct. Aug. 13, 1990).
 
 
 10
 Both judgments are judgments on the merits under California law. See Morris v. County of Tehama, 795 F.2d 791, 794 (9th Cir.1986) (judgment on the pleadings); Paddleford v. Biscay, 22 Cal.App.3d 139, 141, 99 Cal.Rptr. 220, 222 (1971) (judgment of nonsuit). Furthermore, Bell was a party to both actions. Thus, the second and third requirements for application of either collateral estoppel or res judicata have been met. See Pension Trust Fund for Operating Eng'rs, 942 F.2d at 1462; Sanchez, 936 F.2d at 1035.
 
 
 11
 We agree with the district court, moreover, that both the taking and ripeness issues involved in this action were raised and adjudicated in the state court actions. See Marshall v. Department of Water & Power, 219 Cal.App.3d 1124, 1138, 268 Cal.Rptr. 559, 567 (1990) (primary question in inverse condemnation case is whether there has been a "taking"). In fact, Bell raised his claim based on the federal constitution in his second action in state superior court. Therefore, the district court did not err by dismissing Bell's action as barred by res judicata and collateral estoppel. See Pension Trust Fund for Operating Eng'rs, 942 F.2d at 1462; Sanchez, 936 F.2d at 1035.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider whether the Supreme Court's decision in Lucas v. South Carolina Coastal Council, 112 S.Ct. 2886 (1992) changes the law applicable to the issues in this case. In California, a change in the law following entry of the original judgment does not justify relief from the application of the doctrine of res judicata. Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 746 n. 16 (9th Cir.) (en banc), cert. denied, 474 U.S. 919 (1985)