**Gabriel MARTINEZ, Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

**No. 24356.**

United States Court of Appeals,
Ninth Circuit.

July 1, 1970.

Luke McKissack (argued), Hollywood, Cal., Gabriel Martinez, in pro. per., for appellant.

Howard Schwab (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Bernard S. Kamine, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

Martinez appeals from an order of the district court denying his habeas petition challenging his state court conviction for violating California Health and Safety Code, § 11500.5 (possession of heroin for sale).

Three points require discussion: (1) Martinez' claim that the doctrine of res judicata foreclosed the State from relying upon evidence in a second preliminary hearing that had been ruled inadmissible after his prior preliminary hearing; (2) his claim that the warrant, pursuant to which the heroin was seized, was invalid for failure to specify whether or not it authorized a nighttime search; and (3) his contention that the court's acceptance of the submission upon the transcript of his second preliminary hearing violated In re Mosley (1970) 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473.

Martinez was bound over for trial following a preliminary hearing on the first information charging him with violation of Health and Safety Code, § 11500.5. He filed a Penal Code § 995 motion to set aside the information, challenging the admission of evidence claimed seized pursuant to an invalid search warrant. His motion was granted on the ground that the search warrant was invalid for want of the identity of the informant who supplied the factual data upon which the warrant issued. Thereafter the State filed a second information charging him with the same offense in accordance with the provision of California Penal Code, § 999: "An order to set aside an indictment or information, as provided in this chapter, is no bar to a future prosecution for the same offense." At the second preliminary hearing, the State reoffered the evidence, theretofore suppressed as the fruit of an invalid warrant; the evidence was admitted; Martinez was again bound over for trial; and he again filed a section 995 motion to set aside the information. He lost the motion. He did not seek appellate review of the ruling, although an order denying such a motion is expressly reviewable. (Cal.Pen.Code, § 999a.) Thereafter, pursuant to stipulation of his counsel and the prosecuting attorney, the cause was submitted on the transcript of his second preliminary hearing and he was convicted. He unsuccessfully sought direct and collateral relief in the state courts.

---

* Hon. Charles L. Powell, United States District Court Judge, Spokane, Washington, sitting by designation.

**20**

 An order granting or denying a motion under section 995 is not a final judgment on the merits, and, therefore, it is not an adjudication to which the res judicata doctrine, in any of its aspects, applies. (People v. Van Eyk (1961) 56 Cal.2d 471, 15 Cal.Rptr. 150, 364 P.2d 326, cert. denied (1962) 369 U.S. 824, 82 S.Ct. 838, 7 L.Ed.2d 788. See Restatement, Judgments §§ 41, 45.) The refusal of California to expand the doctrine of res judicata beyond its conventional boundaries raises no constitutional problems.

 Martinez' real complaint is that he won a legal point before one judge and lost the same point before another judge of the same court. Consistency in legal rulings is desirable, but inconsistency is not unconstitutional.

 Next, Martinez claims that the search warrant was invalid because the magistrate issuing it had failed to indicate that it authorized a nighttime search and the search had been made at night. There is California authority holding that a magistrate's neglect to cross out the inapplicable alternatives on this form of warrant invalidates the warrant for the purpose of a nighttime search. (People v. Mills (1967) 251 Cal.App.2d 420, 59 Cal.Rptr. 489.) The decision was based on a construction of the applicable California statute, not on constitutional grounds. We agree with the district court that the ambiguity of the warrant, albeit a departure from the statutory standards, was not a deprivation of Martinez' constitutional rights.

We also agree with the district court that there is no merit in Martinez' attack on the warrant based on the magistrate's correction of the date, or his attack upon the stipulation that the seized substance was heroin.

 We remand the cause only because a decision came down after the date of the district court's order that was not considered by either the state court or the district court: In re Mosley (1970) 1 Cal.3d 913, 83 Cal.Rptr. 809, holding that a submission upon the transcript of a preliminary hearing is tantamount to a guilty plea where, as here, that submission offers no hope of acquittal and that such submissions must be "accompanied by the constitutional and statutory safeguards which such a plea entails." (1 Cal.3d at 927, 83 Cal.Rptr. at 817.) Those safeguards, under California law, include a showing that a defendant personally "waived the comprehensive right to plead not guilty." (People v. Wheeler (1968) 260 Cal.App. 2d 522, 67 Cal.Rptr. 246.)

On the record before us, it would be inappropriate for us to decide whether or not Martinez' submission met *Mosley's* standards, the extent to which, if at all, *Mosley* is retroactive, and the extent to which, if at all, the *Mosley* result is constitutionally compelled.

We therefore reverse and remand the cause to the district court with directions to defer action on the petition for 90 days to permit Martinez to present the *Mosley* issue to the California courts and for such longer period as may be required to exhaust his California remedies, and thereafter to act upon the pending petition.