Wendell Dean ALLEN, Appellant,

v.

M. R. SCHNECKLOTH, Superintendent,
California Conservation Center,
Appellee.

No. 23972.

United States Court of Appeals,
Ninth Circuit.

Sept. 16, 1970.

LeRue Grim (argued), San Francisco, Cal., Wendell Dean Allen, in pro. per., for appellant.

John T. Oakes (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before KILKENNY and TRASK, Circuit Judges, and FERGUSON,* District Judge.

TRASK, Circuit Judge:

This is an appeal from the denial of a petition for a writ of habeas corpus. Petitioner was convicted of grand theft following jury trial in the California Superior Court for the County of San Francisco and was sentenced to a term of imprisonment. His conviction was affirmed by the California District Court of Appeal and an application for hearing in the California Supreme Court was denied.

Petitioner then filed this petition for habeas corpus in the federal district court. It contained four allegations, as follows: (1) He was denied his right to a speedy trial under the Sixth and Fourteenth Amendments; (2) California Penal Code § 1387 is unconstitutional; (3) he was denied his right to a fair trial under the due process clause of the Fourteenth Amendment; and (4) he was denied his Sixth and Fourteenth Amend-

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

ment right to effective representation by counsel at trial.[1]

The district court, relying on the petition and the facts set out in it, denied it, stating as follows:

"Considering the petition as a whole, and assuming the truth of the factual allegations contained therein, the court finds that petitioner has not alleged facts which indicate that he is in custody in violation of the Constitution, laws, or treaties of the United States."

We agree with the result reached by the district court as to all of petitioner's contentions but the third.

Petitioner alleged that he was denied due process when the trial court summarily denied his request, made immediately prior to the impanelling of the jury, for appointment of new counsel. Although a transcript of the trial was not before the district court and is not now before us, petitioner represents that the following colloquy took place:

"*The Defendant:* Your Honor, I take issue with my representation, Mr. Smith and Mr. Weeks. I don't want them to represent me in this trial. I don't feel that they have my—

"*The Court:* Do you want to represent yourself?

"*The Defendant:* No, I don't, I'm not qualified to represent myself. I ask the court to appoint me other counsel.

"*The Court:* No, we can't do that now. Let's proceed.

"*The Defendant:* Your Honor, Mr. Weeks and Mr. Smith have shown me beyond any doubt that they do not have my interest at heart.

"*The Court:* I would suggest that you not speak at this moment. As soon as I get the jury I will take you in my chambers.[2]

"*The Defendant:* I don't want them to represent me on picking of the jury, Your Honor.

"*The Court:* Unless you want to represent yourself. You are complaining about time and now you want another attorney. So that is denied. * * * * " [3]

Petitioner contends that the trial court's disposition of the matter violated People v. Marsden, 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970), which was decided subsequent to the date of the district court's order and therefore was not considered by either the state court or the district court. In *Marsden,* defendant's motion for substitution of counsel at the end of the prosecution's case was summarily denied. The California Supreme Court held that the trial court's denial without allowing defendant an opportunity to explain and if possible to document the basis of his contention of inadequate representation deprived defendant of his constitutional right to effective assistance of counsel.

Without the trial transcript before us, it would be inappropriate to decide whether the trial court's disposition of the matter violated the principle announced in People v. Marsden, *supra,* the extent to which, if at all, *Marsden* is retroactive, and the extent to which, if at all, the *Marsden* result is constitutionally compelled. *Cf.* Martinez v. Craven, 429 F.2d 18 (9th Cir. 1970).

We reverse and remand the cause to the district court with directions to defer action on the petition for ninety days to permit petitioner to present the *Marsden* question to the California courts and for such longer period as may be required for the California courts to reach

---

1. The habeas petition was not limited to a statement of ultimate allegations. It was forty-six pages in length. It had extensive exhibits attached to it incorporating excerpts from the record of the proceedings sufficient to enable the district court to rule on the petition as carefully as had the record itself been before the court.

2. Neither the briefs nor the other materials before us disclose whether the trial judge later took this matter up in chambers.

3. The quoted portion was set out in *haec verba* in the habeas petition and in part of appellant's amended supplemental brief. Appellee has not questioned the accuracy of the portion of the record quoted.

a final determination. Thereafter, the district court shall act upon the pending petition and, if federal questions still need be resolved, shall obtain from respondent a transcript of all relevant state hearings and any other pertinent parts of the state court record. See 28 U.S.C. § 2254; Townsend v. Sain, 372 U.S. 293, 312–319, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Selz v. California, 423 F. 2d 702, 703 (9th Cir. 1970); Piche v. Rhay, 422 F.2d 1309, 1311 (9th Cir. 1970); Brown v. Crouse, 399 F.2d 311 (10th Cir. 1968).

 Petitioner has raised other grounds for relief for the first time on appeal. These were not presented to, nor considered by, the district court and may not have been presented to the state courts. It would be improper for us to consider them. Flemings v. Wilson, 365 F.2d 267 (9th Cir. 1966). The district court, however, may wish to grant petitioner leave to amend his petition to include these issues.

Reversed and remanded.