F I L E D
United States Court of Appeals
Tenth Circuit

DEC 21 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

NATHAN E. JONES,

       Petitioner-Appellant,

v.

JIM FERGUSON, WARDEN, and the
ATTORNEY GENERAL FOR THE
STATE OF WYOMING,

       Respondents-Appellees.

No. 98-8029
(D.C. No. 97-CV-76)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.

Nathan Jones was convicted in state court of first degree felony murder and sentenced to life in prison. He brought a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2254, alleging that the destruction of the transcript of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

first preliminary hearing denied him due process, that he had ineffective assistance of counsel at trial and on appeal, and that the State had destroyed exculpatory evidence. The district court denied relief, holding that Mr. Jones had failed to make a showing of need for the transcript, that he had failed to timely request the transcript, and that he had failed to raise any issues with respect to the preliminary hearing in state court. The court also rejected Mr. Jones' ineffective assistance claims, ruling that they were both conclusory and procedurally barred. Finally, the court held that the Wyoming Supreme Court's resolution on direct appeal of his claim of destruction of evidence was not contrary to federal law or based on an unreasonable view of the facts.

Mr. Jones appeals, asserting that the loss of the preliminary hearing record denied him due process, that key witnesses changed their testimony between the first preliminary hearing and the trial, and that the holding of a second preliminary hearing denied him due process. We affirm.

Mr. Jones had two preliminary hearings in connection with the murder charge against him. After the first hearing, which lasted approximately seven hours, the Justice of the Peace ruled that the State had failed to prove probable cause and discharged Mr. Jones and his two codefendants. The three defendants were immediately rearrested, brought before another Justice of the Peace, and summarily bound over for trial. Mr. Jones was convicted and sentenced to life in

prison. He was paroled fifteen years later and apparently began efforts at that point to challenge his conviction. Upon discovering that the tapes of the first preliminary hearing had been destroyed and that no transcripts existed, he filed this action.

Mr. Jones asserts that he has been denied due process by the destruction of the record of the first preliminary hearing. We begin our consideration of this claim by pointing out that although Mr. Jones appealed his conviction, *see Jones v. State*, 568 P.2d 837 (Wyo. 1977), the record contains no indication that Mr. Jones' counsel requested the transcript either for use at trial or on appeal.[1] Thus, this case does not present the situation in which a defendant makes a contemporaneous claim that the denial of a transcript deprived him of the tools of an adequate defense or appeal. *See Britt v. North Carolina*, 404 U.S. 226, 226 (1971).[2] Here, Mr. Jones seeks the transcripts to prepare a collateral attack. Even if we were to assume that the same standards apply, we conclude that under the circumstances of this case Mr. Jones must make at least a colorable showing of

---

[1] Mr. Jones appears to allege in his federal habeas petition that his appellate counsel did move the appellate court for the transcript. The decision denying his direct criminal appeal reveals that while counsel raised the suppression of a tape of the pretrial statement of a State's witness, this statement was not made at the preliminary hearing. Counsel did not raise any issue with respect to the preliminary hearing. *See Jones v. State*, 568 P.2d 837, 846-54 (Wyo. 1977).

[2] Moreover, the record indicates that the destruction of the tapes was due at least in part to the over fifteen-year interval between Mr. Jones' trial and appeal and his request.

3

need for the transcript or of prejudice from the State's inability to provide it.

The Supreme Court has cautioned against requiring a particularized showing from a defendant who has been denied a transcript of a prior mistrial. "[E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." *Id.* at 228. We do not believe that assumption is appropriate here, however, in view of the fact that Mr. Jones' counsel did not seek the transcript in preparation for trial or appeal. Moreover, "[c]ircuit courts considering the issue have generally shown a greater inclination to examine the actual prejudice to the defendant resulting from the denial of a transcript of a preliminary hearing than has been shown in cases involving the denial of a trial transcript." *United States v. Rosales-Lopez*, 617 F.2d 1349, 1356 (9th Cir. 1980), *aff'd on other grounds*, 451 U.S. 182 (1981); *see also Phegley v. Greer*, 691 F.2d 306, 309 (7th Cir. 1982); *United States ex rel. Moore v. Illinois*, 577 F.2d 411, 417 (7th Cir. 1978). Accordingly, Mr. Jones' failure to articulate any showing of need for the transcript defeats his alleged denial of due process.[3]

_____

[3] Mr. Jones alleges for the first time on appeal that he was denied a fair trial because key witnesses changed their testimony between the first preliminary hearing and trial. He does not identify the witnesses or describe the inconsistencies in their testimony. Even if we were to consider a claim raised for
(continued...)

4

Mr. Jones argues that he was denied due process when the State subjected him to a second preliminary hearing after the first hearing resulted in a finding of no probable cause. This argument is raised for the first time on appeal and we therefore decline to consider it. We observe in any event that Mr. Jones' real complaint is that he won in the first proceeding and lost in the second. Such a claim simply does not raise a constitutional issue. *See Martinez v. Craven*, 429 F.2d 18, 19-20 (9th Cir. 1970) (per curiam).

Finally, Mr. Jones asserts that he received ineffective assistance of counsel. We agree with the district court that Mr. Jones' allegations in this regard are wholly conclusory and completely lacking in any supporting factual allegations. The court properly denied relief on this ground.

We **GRANT** Mr. Jones' application for a Certificate of Appealability and his motion to proceed in forma pauperis,[4] and we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3](...continued)
the first time on appeal, such bare conclusory allegations are insufficient to make the requisite showing.

[4]We deny Mr. Jones' request for appointment of counsel on appeal.