**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA SIBRIAN; et al., | No. 11-56390 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-08014-JHN-DTB |
| v. | |
| SAN BERNARDINO COUNTY, by and through the San Bernardino County Sheriff's Department; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Submitted May 8, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Maria Sibrian, Gebin Sibrian and W. Sibrian, by and through her guardian ad litem Maria Sibrian, appeal the district court's grant of summary judgment to the San Bernardino and Pomona defendants on the basis of qualified immunity.

The district court did not err in holding that the San Bernardino County and Pomona defendants were entitled to qualified immunity based on their reasonable belief that the warrant authorized a search of the Sibrians' residence. It was reasonable for the defendants to rely on DeBoer's information to obtain the warrant because she was a known informant who explained the basis for her knowledge, *cf. United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006), and her story was corroborated by items found in her car, *see Illinois v. Gates*, 462 U.S. 213, 244 (1983). Moreover, a magistrate judge agreed that DeBoer's information provided probable cause to search the Sibrians' residence, which is "the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012).

The district court did not err in holding that the Pomona defendants did not violate the Sibrians' Fourth Amendment rights by executing the warrant at night because a violation of California Penal Code section 1533 is not a constitutional violation. *See Martinez v. Craven*, 429 F.2d 18, 20 (9th Cir. 1970). The district court also did not err in holding that the Pomona defendants were entitled to

2

summary judgment with respect to the alleged knock and announce violation because the Sibrians did not create a genuine issue of material fact as to whether the defendants adequately announced their presence.

Finally, the district court did not err in ruling that the Pomona defendants were entitled to qualified immunity with respect to the Sibrians' excessive force and unreasonable detention claims. The defendants could have reasonably concluded that the force used was not excessive given that Gebin threatened Officer Gomez's safety by hitting him with a dull machete, and Maria actively resisted detention. *See Smith v. City of Hemet*, 394 F.3d 689, 701–02 (9th Cir. 2005) (en banc). For the same reason, the officers could have reasonably determined it was necessary to detain Maria for twenty to forty minutes until the search was completed. *See Muehler v. Mena*, 544 U.S. 93, 100 (2005).

**AFFIRMED**.