[Civ. No. 27454. First Dist., Div. Four. Mar. 25, 1970.]

DARYL DEAN HEWITT, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 27462. First Dist., Div. Four. Mar. 25, 1970.]

AUGUST DEAN KERNS, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

**COUNSEL**

August Dean Kerns, in pro. per., Bowen & DeRonde and John E. Bowen for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gary Garfinkle, Deputy Attorneys General, for Respondent and for Real Party in Interest.

**OPINION**

**CHRISTIAN, J.**—Petitioners were charged with possession of marijuana (Health & Saf. Code, § 11530) and possession of a dangerous drug (Health & Saf. Code, § 11910). After denial of their motion to suppress evidence under Penal Code section 1538.5, petitioners seek prohibition to restrain further proceedings. If petitioners' contentions are meritorious, the proper relief is suppression of the evidence, rather than restraint of further proceedings; the petitions will be so construed.

The contraband which is the subject of the present proceeding was seized in a search of petitioners' car. ██ At the hearing on petitioners' motion to suppress evidence, it was stipulated that the search of the automobile was conducted without a search warrant. The burden was therefore on the prosecution to prove that the search was reasonable. (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) ██ The prosecution nevertheless resisted the motion only by offering in evidence the transcript of an earlier hearing of a motion to set aside the information under Penal Code section 995; that transcript in turn included the transcript of the preliminary examination as to one of the petitioners. At the prelimi-

nary examination, an officer had testified to the circumstances of the arrest of petitioners and the search of the vehicle. The court received the transcript in evidence over the objections of the defense. Without that transcript there is nothing to support the denial of the motion to suppress.

Petitioners contend that admission of the preliminary hearing transcript denied them the constitutional right of confrontation and is contrary to Penal Code section 1538.5, subdivision (i), which provides for a hearing de novo on a motion to suppress. Because the trial court's ruling was error under the statute, we need not reach the constitutional issue.

Evidence Code section 1291 provides that former testimony is admissible under an exception to the hearsay rule only if the declarant is unavailable. The officer was available at the hearing; indeed he testified on the limited point of whether he had possession of the arrest warrant under which one of the petitioners was arrested. The Attorney General concedes that if hearings conducted under Penal Code section 1538.5 are subject to the rules of evidence applicable at trials, it was error to admit the officer's former testimony. It is argued, however, that a special hearing under section 1538.5 should not be governed by the same rules as govern trials.

■ Evidence Code section 300 makes it clear that, except as otherwise provided by statute, the Evidence Code applies to every evidentiary hearing in the state courts. Evidence Code section 130 adds that a criminal action includes criminal proceedings. ■ The Attorney General suggests that since the Evidence Code became effective before Penal Code section 1538.5 was enacted, a de novo hearing under Penal Code section 1538.5 was not contemplated by the Legislature in the enactmnt of the Evidence Code. But it cannot seriously be argued that the Evidence Code applies only to proceedings authorized prior to the time the code was enacted. ■ The intention of the Legislature in enacting the code was to create a generally applicable body of evidence law. ■ In the absence of any indication of contrary intent, the Evidence Code would apply in a newly created evidentiary hearing just as the Code of Civil Procedure would govern the handling of a newly created civil cause of action.

The Attorney General next argues that the efficient administration of justice requires that unnecessary repetition in testimony be avoided and that the trial judge should therefore be allowed to consider former testimony when the witnesses in question are present and available for further examination. ■ This argument is answered by specific language in section 1538.5, subdivision (i), which states, "The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing." The term "evidence" means in this context admissible evidence. If the Legislature had intended that the

superior court merely review the preliminary hearing transcript in determining the reasonableness of a search, there was no need for section 1538.5; review upon the transcript was already authorized by Penal Code section 995. The difference between a motion to set aside information under section 995 and a hearing under section 1538.5 was described in *People* v. *Heard* (1968) 266 Cal.App.2d 747, 749 [72 Cal.Rptr. 374]: "A proceeding under section 1538.5 to suppress evidence is one in which a full hearing is held on the issues before the superior court sitting as a finder of fact. . . . [I]n considering a motion to dismiss under Penal Code section 995, the superior court is sitting as a reviewing court. . . ." ■ One legislative purpose in enacting section 1538.5 was to enable a defendant to raise a search and seizure issue at the earliest stage so as to save the inconvenience and expense of determining the issue at trial. (*Moran* v. *St. John* (1968) 267 Cal.App.2d 474, 477 [73 Cal.Rptr. 190].) This purpose would be defeated if a search could be justified, at the special hearing, on testimony which later would be inadmissible to support the search if the evidence seized is challenged at trial.

The Attorney General cites *Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 103 [68 Cal.Rptr. 530], in which the court stated "It also seems clear that the judge who hears the motion 'shall receive evidence on any issue of fact necessary to determine the motion' (subd. (c)), including, of course, the transcript of the preliminary hearing." But in *Thompson* the prosecution and the defense had stipulated to the introduction of the preliminary hearing transcript. Therefore the quoted language is not a holding that a preliminary examination transcript is to be admitted over objection.

■ The Attorney General next contends that even if it was error to receive in evidence the officer's former testimony, no prejudice resulted. The theory is that because the officer was present at the hearing the petitioners could have questioned him about the search. It is suggested that in these circumstances the danger dealt with in Evidence Code section 1291 —that former testimony might be employed to avoid confrontation—did not exist. This argument fails to recognize that the burden was on the prosecution, not the defense, to show that the search was lawful; that showing must be based on competent evidence. Evidence that is inadmissible does not become admissible because the objecting party has an opportunity to rebut it. Moreover, one of the reasons for requiring a witness to testify in person is to enable the trier of fact to consider the demeanor of the witness in weighing his testimony and judging his credibility. (*People* v. *Green* (1969) 70 Cal.2d 654, 662, 663 [75 Cal.Rptr. 782, 451 P.2d 422].) The judge who heard the section 1538.5 motion was not the magistrate who presided at the preliminary hearing.

The officer's preliminary hearing testimony was the sole information before the court by which the search of the automobile might be justified. At the hearing on the motion to suppress evidence, the officer testified only that he did not have the original arrest warrant; he did have information that there was a warrant and later saw a copy of the abstract of the warrant on the teleprinter. Assuming the sufficiency of that testimony to show a lawful arrest, it does not establish that the search was so connected with the arrest as to be incident to it. ■ There was no competent evidence of the reasonableness of the search; therefore, the motion to suppress evidence should have been granted as to the contraband.

Our determination, on this record, to direct that the motion to suppress evidence be granted does not constitute an adjudication that the evidence was in fact obtained in an illegal search and seizure. Section 1538.5, subdivision (j), provides that when the defendant's motion is granted, the People, "if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause at the trial why such evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding." ■ In the present case the motion is to be granted on a procedural ground and not on the merits; the People will therefore not be precluded from presenting competent evidence at trial bearing on the lawfulness of the search.

Therefore we must consider petitioners' further contention that the court erred in admitting, over defense objections, a telegraphic abstract of the arrest warrant. The defense contends that the original warrant should have been introduced to prove the legality of the arrest, citing *People* v. *Wohlleben* (1968) 261 Cal.App.2d 461 [67 Cal.Rptr. 826]. The facts in *Wohlleben* are similar to those of the present case in that officers stopped the defendant for a traffic violation; they learned by radio that there were three outstanding warrants for the suspect's arrest; a search pursuant to the arrest on the warrants uncovered marijuana. At the trial for possession of marijuana, the prosecution sought to prove the existence of the warrants through the testimony of an arresting officer that he had seen telegraphic abstracts at the police station after the defendant was booked. The court held that under the best evidence rule the prosecution should have produced the original warrants or laid a foundation for the introduction of secondary evidence.

In the present case, unlike *Wohlleben,* the prosecution offered not only the officer's testimony that he had seen a telegraphic abstract, but a copy of the abstract. ■ While *Wohlleben* states that the original warrant should be produced, in our view an officially transmitted abstract of the warrant would actually support an arrest. ■ The officer's testimony

that he saw the abstract come over the teletype machine would be adequate foundation for the introduction of a telegraphic copy of the abstract as secondary evidence. Evidence Code section 1506 provides that a copy of a writing is not made inadmissible by the best evidence rule if the writing is a record or other writing that is in the custody of a public entity. The substance of the *Wohlleben* rule was therefore satisfied in the present case.

Moreover, we question *Wohlleben's* application of the best evidence rule. ▮ The best evidence rule applies only when the contents of a writing are at issue. (Evid. Code, § 1500.) In both *Wohlleben* and the present case, the defendants were not being charged with the offense on which the warrants were based. The issue was not what the arrest warrant stated, but whether there was probable cause for an arrest, i.e., whether it was reasonable for the officer to believe that there was a warrant outstanding and that the defendant was subject to arrest. Penal Code section 850 specifically authorizes an officer to make an arrest based on a telegraphic copy of a warrant or an abstract of a warrant. ▮ An officer's testimony that he received reliable information from his office that a warrant existed would be sufficient to establish probable cause for an arrest. (*People* v. *Webb* (1967) 66 Cal.2d 107, 112 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Kraps* (1965) 238 Cal.App.2d 675, 679 [48 Cal.Rptr. 89].)

A writ will issue directing respondent court to grant petitioners' motion to suppress evidence.

Devine, P. J., and Rattigan, J., concurred.