[Crim. No. 19339. Second Dist., Div. Two. Aug. 10, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
PAGE ADKINS BUCKEY, Defendant and Appellant.

## COUNSEL

Ralston, Smith & Sullivan and Austin T. Smith for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Ronald S. Marks, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Page Adkins Buckey appeals the "Judgment and Orders" following his conviction by the trial court for possession of marijuana. (Health & Saf. Code, § 11530.)

*Facts*

A warrant for the arrest of Buckey was issued by a judge of the Citrus Judicial District Municipal Court on 16 July 1969. The warrant was based on the declaration of Highway Patrolman Smith that Buckey committed the offense of driving with a license suspended or revoked in violation of Vehicle Code section 14601.1, subdivision (a). The accompanying records showed that Buckey's license was revoked on 3 November 1968, that the revocation order was served on 13 February 1969, and that Buckey was cited for speeding by Smith on 2 June 1969. This printed warrant form provided: "Arrest under this warrant may be made at any time of the day or night."

Deputy Sheriffs Mills and Bailey arrested Buckey at his home in Malibu on the evening of 28 July 1969. The sheriffs were acting on information they had received that day from "the Court Deputy" at the Malibu sheriff's station that Buckey "was wanted by the Citrus Municipal Court for . . . driving while under suspended driver's license."

Sheriff Mills knocked on the door of Buckey's home at 9 p.m. Eventually Buckey came to the door, and the sheriffs told him they had a warrant for his arrest. Buckey insisted there could not be a warrant for his arrest. "To verify that it was the same man," Bailey asked Buckey if he had some identification. The sheriffs followed Buckey to a dining room table where he showed them an expired driver's license.

On the dining room table Bailey saw a plastic vial containing marijuana. The sheriffs then arrested Buckey and two others present for possession of marijuana. Bailey advised each of them of their constitutional rights and

each indicated he understood his rights. Bailey then asked if there were more narcotics in the house. Buckey said, "There is some over there." Mills found more marijuana in a dish where Buckey indicated. Bailey then saw more marijuana on a "cooking screen" on a windowsill behind the table. Finally, Mills accompanied Buckey to his bedroom to allow Buckey to change clothes. There Mills saw a grinder with marijuana in it and a shopping bag containing five packages of marijuana.

## Issues

Buckey contends (1) that the arrest warrant was invalid, (2) that the warrant was unlawfully executed at night, (3) that the arresting sheriffs did not have reliable information that a warrant existed, and (4) that the search of Buckey's house was unjustified.

## The Warrant

■ Buckey contends the arrest warrant was invalid because it was supported only by Patrolman Smith's "conclusions." But the records accompanying the warrant provided all the facts necessary to enable a magistrate independently "to determine on the basis of the evidence before him that probable cause supports the arrest of the person charged in the complaint." (*People* v. *Sesslin,* 68 Cal.2d 418, 425 [67 Cal.Rptr. 409, 439 P.2d 321].) Official records showed that Buckey's license had been revoked and that he had been served with an order of revocation. A speeding ticket showed that Buckey was driving after the revocation. This reliable information was sufficient to support a warrant for the arrest of Buckey for violation of Vehicle Code section 14601.1, subdivision (a).

## Arrest at Night

■ At the time of arrest Penal Code section 840 (since amended) provided that arrest for a misdemeanor could not be made at night on a warrant unless upon the direction of the magistrate indorsed upon the warrant. Buckey was arrested at 9 p.m., but the warrant provided that service could be made at any time of the day or night. Buckey nevertheless contends the warrant is invalid because no showing is made that the magistrate exercised his discretion in permitting execution at night.

The contention is without merit. The magistrate was required to exercise his discretion in providing for arrest at night, but he was not required to provide a showing of good cause. (*People* v. *Cressey,* 2 Cal.3d 836, 847 [87 Cal.Rptr. 699, 471 P.2d 19]; cf. Pen. Code, § 1533 and amended Pen. Code, § 840.) Moreover, the use of blank forms, such as the printed form here, does not indicate an abuse of discretion. (*People* v. *Weitzer,* 269

Cal.App.2d 274, 289 [75 Cal.Rptr. 218].) The decision whether to sign the existing form or modify its language still lay with the issuing magistrate.

## The Sheriffs' Information

■ Buckey next contends the arrest was unlawful because the arresting officers did not have the warrant, an abstract, or reliable information that the warrant in fact existed. The facts are clearly contrary. Sheriff Bailey testified that he received information regarding the warrant from the court deputy at the sheriff's station. Arresting officers are justified in taking a defendant into custody in reliance on information received through official channels. (*Hewitt* v. *Superior Court,* 5 Cal.App.3d 923, 930 [85 Cal.Rptr. 493].) The existence and sufficiency of the original warrant must still be proven if challenged (*People* v. *Wohlleben,* 261 Cal.App.2d 461, 465 [67 Cal.Rptr. 826]), but, as shown above, such proof was given.

## The Search

■ Finally, Buckey contends that, even if the arrest was valid, the ensuing search was not. He relies on *Vale* v. *Louisiana,* 399 U.S. 30 [26 L.Ed.2d 409, 90 S.Ct. 1969], holding that a search inside a house cannot be justified by an arrest made outside the house. *Vale* is inapposite here because Buckey was inside the house when he was arrested. Once Buckey was arrested, the sheriffs were justified in accompanying him to the dining room table while he looked for identification and to the bedroom while he changed clothes. These steps insured that Buckey would not have access to weapons, destroy evidence, or try to escape. (See *Curry* v. *Superior Court,* 7 Cal.App.3d 836, 849-850 [86 Cal.Rptr. 844].) The evidence that was discovered incident to these steps was either in plain sight (*People* v. *Sandoval,* 65 Cal.2d 303, 308 [54 Cal.Rptr. 123, 419 P.2d 187]), or was pointed out voluntarily by Buckey (*Castaneda* v. *Superior Court,* 59 Cal.2d 439, 442 [30 Cal.Rptr. 1, 380 P.2d 641]), and therefore was properly seized by the sheriffs.

The judgment (order granting probation) is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied September 8, 1971, and appellant's petition for a hearing by the Supreme Court was denied October 6, 1971.