[Crim. No. 22346. Second Dist., Div. Three. Mar. 27, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MARCUS, Defendant and Appellant.

COUNSEL

John M. Polakovic for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ALLPORT, J.** — Following a trial by jury defendant was convicted of extortion (Pen. Code, § 518), receiving stolen property (Pen. Code, § 496), and an attempt to violate Penal Code section 475 (Pen. Code, § 663). Proceedings were suspended and he was placed on probation for four years upon condition that the first 270 days be spent in the county jail

and that all laws be obeyed. Defendant appeals from the judgment contending that the trial court committed prejudicial error in admitting into evidence a rerecording of a prerecorded conversation between defendant and the People's witness Kathleen Daniel.

During trial it was determined by the court out of the jury's presence that the original tape recording (People's exh. 2 for identification) was inaudible. Mrs. Daniel testified she recorded a conversation between herself and defendant. After listening to the original out of the jury's presence she testified as follows:

"Now, Mrs. Daniel, you just heard here in court the tape which has been marked People's 2 for identification played, is that correct? THE WITNESS: Yes. THE COURT: Let me ask you, were you able to understand what the tape said? THE WITNESS: Most of it; not some of the first part of it. THE COURT: Had you ever heard the tape before today? THE WITNESS: No. THE COURT: Any questions from any counsel? MR. POLAKOVIC: Is this for the purpose of laying a foundation, your Honor? THE COURT: Right. MR. POLAKOVIC: Excuse me. Do you have any questions?

"REDIRECT EXAMINATION (Resumed)

"BY MR. BECKER: Q. Is this a tape of the conversation you had with the defendant on the 4th of October which you made? A. Yes. MR. BECKER: Nothing further. THE COURT: Is it a fair and accurate representation of the conversation to the best of your knowledge to tell? THE WITNESS: Yes."

John M. Back, an investigator from the district attorney's office, then testified that he made an accurate, audible, unedited copy of People's exhibit 2 by running it through a filter. Defendant objected to an attempt to introduce the rerecording on the ground that, "The original is here and available, and the People are seeking to introduce a copy thereof . . . in violation of [the best evidence] rule." The objection was overruled. Mrs. Daniel was then recalled and testified as follows: "Q. Mrs. Daniel, you have listened to the tape that is now on the tape recorder, have you not? A. Yes. Q. Is that a tape of the conversation you had with the defendant which you tape recorded? A. Yes." Both tapes were received in evidence. The original was marked as People's exhibit 2 and the rerecording People's exhibit 3. People's exhibit 3 was played to the jury. There was no error in admitting the rerecording in evidence.

The best evidence rule is stated in Evidence Code section 1500 as follows: "Except as otherwise provided by statute, no evidence other than

the writing itself is admissible to prove the content of a writing. This section shall be known and may be cited as the best evidence rule." A tape recording is a writing within the purview of the best evidence rule. (Evid. Code, § 250.) A copy of a writing is not made inadmissible by the best evidence rule if the writing has been produced at the hearing and made available for inspection by the adverse party. (Evid. Code, § 1510.)

In its comment with respect to section 1500 the Law Revision Commission states that: "The rule is designed to minimize the possibilities of misinterpretation of writings by requiring the production of the original writings themselves, if available." Where the original is available in court ordinarily there is no need to resort to other evidence, such as a copy or testimony, to prove its content. ▮ In the instant case the resort to a rerecording became necessary because the original as such was of insufficient quality to be understood. The rerecording was used to remove the infirmity and not as secondary evidence of the content. In reality we are not dealing with the use of a copy to prove the content of the original as the practice is condemned by the best evidence rule. The rerecording was in fact the original made usable by resort to approved electronic recording techniques. The rerecording was properly identified by the witnesses and was, in fact, the best evidence of the substance of the recorded conversation.

We are aware of no California case deciding the issue involved here. *People* v. *Porter,* 105 Cal.App.2d 324 [233 P.2d 102], only held that a rerecording was admissible since no objection was raised in the trial court that the rerecording violated the best evidence rule and could not, therefore, be raised for the first time on appeal. However, the Supreme Court of Washington, in *State* v. *Lyskoski,* 47 Wn.2d 102 [287 P.2d 114], held that where a wire recording which was inaudible without the aid of earphones was rerecorded on tape which could be heard without earphones, the best evidence rule was not violated by admission of the tape recording into evidence, stating at page 110: "The audible tape recording bears the same relationship to the inaudible wire recording that a photograph bears to a negative. No good purpose would be served by not following the rule applicable to them. See 3 Wigmore on Evidence (3d ed.) 196, § 796. We hold the tape recording was admissible." In any event, if the rerecording be deemed to be a copy, then since the original was also received in evidence, the copy was admissible pursuant to section 1510.

There remains a further reason for upholding the ruling of the trial court. As noted above the objection to the introduction of People's exhibit

3 was simply that as a copy of the original it violated the best evidence rule. The objection failed to indicate that any controversy existed as to the content of the recording itself and thus was insufficient to raise that issue. (Evid. Code, § 353.) Unless the content is in issue the best evidence rule does not come into play. (*Hewitt* v. *Superior Court,* 5 Cal.App.3d 923, 930 [85 Cal.Rptr. 493].)

The judgment is affirmed.

Cobey, Acting P. J., and Schauer, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 23, 1973.

*Assigned by the Chairman of the Judicial Council.