Opinion
KATZ, P. J.
These appeals involve the validity of arrests in connection with Vehicle Code misdemeanors or infractions made pursuant to warrants served beyond the hours prescribed by section 840 of the Penal Code, where such service was authorized by a blanket direction that all such warrants should be so served and that direction was made without any consideration of the facts and circumstances of the particular cases. Section 840 prohibits the service of misdemeanor and infraction arrest warrants between 10 p.m. and 7 a.m. unless “made pursuant to a warrant which, for good cause shown, directs that it may be served at any time of the day or night.”[1]
In People v. Dinneen, Crim. A. No. 12879, defendant was arrested at his home at 5:50 a.m. pursuant to a warrant issued when he failed to pay a fine imposed for a speeding violation (Veh. Code, § 22350). In serving the warrant, officers observed plants resembling marijuana in plain sight inside defendant’s residence which they seized, and found similar material in a vase subsequently searched. Defendant moved under Penal Code section 1538.5 to suppress the evidence thus obtained, which motion was denied.
*Supp. 8 The warrant in that case had been issued by the clerk of the municipal court, and bore a rubber-stamped notation stating “This warrant may be served by the Marshal’s office between 5:30 a.m. and 10:00 p.m.” The judge whose name (apparently typewritten) appeared on the warrant testified that he did not sign it; that if a fine is not paid by the due date, the clerk orders the warrant without showing it to the judge; that “it is done as a clerical or ministerial function at that -point,” and that he is aware of and approves of that practice. He further testified that “no individual discretion was exercised in issuance of the warrant;” and, that it was decided at a meeting held a few years before attended by the judges and marshals of the court that “for the convenience of the Marshals . . . future traffic warrants could be served between 5:30 a.m. and 10:00 p.m. . . . because it was felt that most people would be home and available for service in the early morning hours.”
In People v. Williams, Crim. A. No. 12926, the defendant was arrested at his home at 6:30 a.m. pursuant to a warrant issued when he failed to pay a fine imposed for a violation of Vehicle Code section 23103 (reckless driving). Tablets resembling amphetamine sulfate were found in his wallet when he was booked at the police station. Defendant’s motion under Penal Code section 1538.5 to suppress the tablets was denied.
The arrest warrant in that case was issued apparently on the order of a judge of the municipal court who had directed his clerk to affix to all warrants a stamp authorizing service between 5:30 a.m. and 10 p.m. The direction for such service was based on a policy adopted sometime in the past at a meeting he attended with other judges and marshals of the county wherein the judges were informed by the marshals that “in many cases the warrants were not serviceable after 7:00 o’clock a.m.” There were no particular reasons or circumstances considered in connection with the direction for service of the warrant before 7 a.m. in this case other than the policy previously established by the judges “in order to' facilitate service ... and ‘cooperate with the marshal’s office.’ ”
Prior to 1969, section 840 provided that a warrant for a misdemeanor arrest could not be served at night “unless upon the direction of the magistrate, indorsed upon the warrant.”[2] Under the statute as it then *Supp. 9 read, action by the magistrate was required to authorize nighttime service of a misdemeanor arrest warrant but the magistrate was not required to possess “good cause” in order to permit such service. (People v. Cressey (1970) 2 Cal.3d 836 [87 Cal.Rptr. 699, 471 P.2d 19]; People v. Buckey (1971) 19 Cal.App.3d 183 [96 Cal.Rptr. 648]; People v. Weitzer (1969) 269 Cal.App.2d 274 [75 Cal.Rptr. 318].) As stated in People v. Buckey, supra at page 186: “The magistrate was required to exercise his discretion in providing for arrest at night, but he was not required to provide a showing of good cause.” In People v. Weitzer, supra, it was held that nighttime service of misdemeanor arrest warrants was valid when authorized by a blanket direction for such service. There, an arrest warrant for a parking violation contained the words “This warrant may be executed at night” pursuant to a court order adopted five years earlier which read “ . . . the endorsement for arrest at night required by Penal Code Section 840 for misdemeanor offenses, shall be made on . . . all warrants of arrest. ...” In rejecting the contention that section 840 as it then read required individual review by the magistrate of the question of nighttime service in each case, the court distinguished nighttime execution of search warrants under Penal Code section 1533, which “requires that there must be a ‘showing of good cause’ and therefore requires review of the showing made in each case”[3] from nighttime execution of misdemeanor arrest warrants under section 840, which did not require a showing of “good cause” and “lays down no criteria for the exercise of the discretion conferred.”
In 1969, section 840 was amended to extend the normal time for service of misdemeanor and infraction arrest warrants by, for the first time, specifying the hours for such service, and to require for the first time, a “showing of good cause before a misdemeanor arrest warrant may be served in the hours' between 10 p.m. and 7 a.m.” (People v. Cressey (1972) 2 Cal.3d 836, 846-847 [87 Cal.Rptr. 699, 471 P.2d 19].) We believe that amendment altered the rule laid down in Weitzer, and that an antecedent blanket order for the service of all misdemeanor warrants beyond the hours of 7 a.m. to 10 p.m. (such as that involved in the cases now being considered) does not comply with the present requirement of section 840 and is not a valid authorization *Supp. 10 for such service.[4] “[B]y inserting language which clearly requires the showing of good cause before a misdemeanor arrest warrant may be served in the hours betwen [sm] 10 p.m. and 7 a.m.” (People v. Cressey, supra, at pp. 846-847), the Legislature conformed section 840 to section 1533, which, as indicated in People v. Weitzer, supra, at page 287, “requires review of the showing made in each case.” (Cf. People v. Mills (1967) 251 Cal.App.2d 420, 422 [59 Cal.Rptr 489]), stating “The householder is entitled to the assurance that the magistrate has considered and decided whether the facts justify a night search.”)
In the present cases, no individual consideration was given to the facts or circumstances thereof in deciding to permit service of the warrants -before 7 a.m. There was no showing of unsuccessful attempted service between the hours otherwise prescribed for service by section 840 or other facts suggesting service could not readily be effected in the particular cases between the hours of 7 a.m. and 10 p.m. In Dinneen, the direction for service before 7 a.m. was made “for the convenience of the Marshals . . . because it was felt that most people would be at home and available for service in the early morning hours.” The mere fact that most people would be at home before 7 a.m. would not in itself constitute “good cause” under the present provisions of section 840, and the People so concede. The Legislature undoubtedly was aware of that fact when it prohibited service between 10 p.m. and 7 a.m., and the legislative purpose “ ‘to protect people in the security of their homes [in the late night and early morning hours], while acknowledging that a person taken into custody at [such time] would have a difficult time securing bail or legal counsel’ ” (Paddleford v. Biscay (1971) 22 Cal.App.3d 139, 142 [99 Cal.Rptr. 220]) cannot yield to the general convenience of the officers who execute the warrants. On the other hand, in Williams, the antecedent blanket, order directing that all warrants might be served before 7 a.m. was adopted because the judges had been informed by the marshals that “in many cases the warrants were not serviceable after 7:00 o’clock a.m.,” and the People argue that the information so conveyed constituted “good cause.” To regard such information as justification for the service of all warrants before 7 a.m.—i.e. warrants serviceable after 7 a.m. as well as warrants not so serviceable—would be tantamount to a repeal of the “good cause” requirement, and would enable the magistrate to substitute his judgment *Supp. 11 as to proper hours for service in general for that of the Legislature.[5] The Legislature must have been aware in 1969 that in many cases warrants were not serviceable during the daytime and presumably took that into consideration in extending the normal time for service by specifying the hours between 7 a.m. and 10 p.m. Had it considered that service before 7 a.m. was justified in all cases because many people leave their homes before that hour, we believe it would have so provided.
The orders denying defendants’ motions to suppress the evidence are reversed.
Holmes, J., and Marshall, J., concurred.

 Section 840 contains exceptions not here applicable. It reads: “An arrest for the commission of a felony may be made on any day and at any time of the day or night. An arrest for the commission of a misdemeanor or an infraction cannot be made between the hours of 10 o’clock p.m. of any day and 7 o’plock a.m. of the succeeding day, unless: “(1) The arrest is made without a warrant pursuant to Section 836 or 837. “(2) The arrest is made in a public place. “(3) The arrest is made when the person is in custody pursuant to another lawful arrest. “(4) The arrest is made pursuant to a warrant which,.for good cause shown, directs that it may be served at any time of the day or night.”

“If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor, the arrest cannot be made at night, unless upon the direction of the magistrate, indorsed upon the warrant, except when the offense is committed in the presence of the arresting officer.”

Section 1533 then read: “On a showing of good cause therefor, the magistrate may, in his discretion, insert a direction in the warrant that it may be served at any time of the day or night; in the absence of such a direction, the warrant may be served only in the daytime.” In 1970, it was amended to specify the hours for service (7 a.m. to 10 p.m.) where there was no direction for service at any time of the day or night.

We do not suggest that all blanket orders or directions are invalid. For example, a blanket order for service before 7 a.m. in all cases wherein it is shown that an attempt at service after 7 a.m. failed, might be'valid.

People v. Weitzer, supra, held, in effect, that section 840 prior to its amendment in 1969 permitted such a substitution predicated upon the general experience with service. As previously indicated, we believe the 1969 amendment requiring a showing of “good cause” was designed to change that rule.