[No. A039707. First Dist., Div. Five. June 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE ALAN RAMIREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Part III of this opinion is not published, as it does not meet the standards for publication contained in rule 976(b) of the California Rules of Court.

## COUNSEL

Dirck Newbury, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

LOW, P. J.— We hold that a bench warrant may be endorsed for night service when the court records show that a defendant has repeatedly failed to appear or to obey the court process.

Defendant Jesse Alan Ramirez pleaded guilty to four counts of first degree burglary. (Pen. Code, § 459.)[1] He filed a motion to suppress his extrajudicial statements (§ 1538.5), claiming that the nighttime arrest

---

[1] All references are to the Penal Code.

pursuant to a misdemeanor bench warrant was unlawful. The motion was denied. We affirm.

Shortly after 3 a.m., Police Officer Barry Delavan was dispatched to defendant's apartment following a report by a citizen that two men were fighting inside the apartment. En route, he received a radio report that someone else had called to say that the fighting had stopped. Officer Delavan continued to the apartment where the lights were on and two men were talking. When a police backup unit arrived moments later, the lights were quickly extinguished and the conversation immediately ceased. Based on his review of "beat copies" of issued bench warrants, Officer Delavan was aware that defendant had numerous outstanding misdemeanor arrest warrants stemming from his failure to appear in court, and that at least one of the warrants authorized night service. The officer confirmed the existence of these warrants immediately following the arrest. One of the night service warrants was issued following defendant's failure to appear for an arraignment on a charge of misdemeanor burglary. Another night service warrant authorized defendant's arrest for violating his written promise to appear on a Vehicle Code section 14601 violation (driving with a suspended or revoked license). (See § 853.6.) Officer Delavan identified himself, announced his purpose and demanded entry. After a brief delay, an officer stationed in the rear of the apartment shouted that defendant was coming out the rear window. Defendant was arrested. Defendant was taken to the station where he waived his *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) rights and incriminated himself on several outstanding charges. In his suppression motion, defendant argued that there was no good cause to justify night service and the officers did not comply with the knock-notice requirement of section 1531.

## I

Defendant first contends that the record contains nothing to indicate that the magistrate had good cause to endorse the bench warrants for night service. A bench warrant may be served in any county in the same manner as a warrant of arrest (§§ 978.5, subd. (b), 983). Section 840 provides in part: "An arrest for the commission of a misdemeanor or an infraction cannot be made between the hours of 10 o'clock p.m. of any day and 6 o'clock a.m. of the succeeding day, unless: . . . [¶] (4) the arrest is made pursuant to a warrant which, for good cause shown, directs that it may be served at any time of the day or night." In the related context of nighttime search warrants, our Supreme Court recently defined the good cause rule as requiring " 'only some factual basis for a prudent conclusion that the greater intrusiveness of a nighttime search is justified by the exigencies of the situation. . . .' [Citations.]" (*People* v. *Kimble* (1988) 44 Cal.3d 480, 494

[244 Cal.Rptr. 148, 749 P.2d 803], italics omitted.) ■ The parties agree that the warrant need not separately state the reasons for nighttime service. (Compare *Solis* v. *Superior Court* (1966) 63 Cal.2d 774, 776-777 [48 Cal.Rptr. 169, 408 P.2d 945].) Absent an abuse of discretion, the magistrate's finding of good cause for nighttime service will not be reversed on appeal. (*People* v. *Egan* (1983) 141 Cal.App.3d 798, 805 [190 Cal.Rptr. 546].)

■ An arrest bench warrant is presumptively valid and defendant has the burden of proving that the warrant was not supported by probable cause or, in this case, that the magistrate did not have good cause to authorize nighttime service. (See *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 101 [104 Cal.Rptr. 226, 501 P.2d 234].) Where the record is silent, it is presumed the magistrate performed his official duty. (Evid. Code, § 664.) Defendant makes the conclusionary statement that the issuing magistrate had no good cause to endorse the warrant for night service. He fails to supply us with a declaration from the issuing magistrate. Nor has he supplied us with any transcript or record of the hearing at which the warrant was issued from which we could learn the magistrate's reasons. The burden is on defendant to present a record affirmatively showing the trial court exceeded the limits of its discretion. (See *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65].) Absent some palpable indication to the contrary, it is presumed that the magistrate considered all the facts necessary to justify nighttime service. (See generally, *People* v. *Goldberg* (1984) 161 Cal.App.3d 170, 183-184 [207 Cal.Rptr. 431].)

■ There is nothing to support defendant's argument that the issuing magistrate simply gave a blanket endorsement for nighttime service. To the contrary, the record establishes that at the time the magistrate issued the bench warrant defendant had 11 outstanding bench warrants for violating his promise to appear on other misdemeanors and infractions. This alone is sufficient reason to authorize the officers to immediately arrest defendant.

## II

The record establishes that Officer Delavan acted in good faith reliance on the warrant, and the deterrent purpose underlying the exclusionary rule has no application in this context. (*United States* v. *Leon* (1984) 468 U.S. 897, 918-922 [82 L.Ed.2d 677, 695-698, 104 S.Ct. 3405]; *People* v. *Swan* (1986) 187 Cal.App.3d 1010, 1018-1019 [232 Cal.Rptr. 288].) The officer relied on a beat copy of the warrant which he had seen within the week of the arrest. An abstract of an arrest warrant is sufficient to support an arrest. (§ 850; see *Hewitt* v. *Superior Court* (1970) 5 Cal.App.3d 923, 929-930 [85

Cal.Rptr. 493].) There is nothing to indicate that the officer did not have reasonable grounds for believing the information in the beat copy was accurate or that the warrant was invalid on its face. (See *United States* v. *Leon, supra,* at p. 923.) The arrest was performed in good faith by the executing officers, and the extrajudicial statements are not suppressible on this ground.

To protect the defendant's rights and to provide a more thorough appellate review, magistrates should indicate their reasons for authorizing night service. This could be done in the court's minutes or on a form for that purpose attached to the bench warrant.

While the factual situations which would justify night service are numerous, we observe that the following factors have been used in the related area of search warrants and are applicable here: (1) the warrant can only be safely or successfully executed in the nighttime, or (2) when the person or objects to be seized are in danger of imminent removal, or (3) when the public safety would be jeopardized if the person to be arrested were allowed to remain at large. (See *People* v. *Kimble, supra,* 44 Cal.3d at p. 494, fn. 8; *People* v. *Egan, supra,* 141 Cal.App.3d at p. 806; cf. *Rodriguez* v. *Superior Court* (1988) 199 Cal.App.3d 1453, 1467-1468 [245 Cal.Rptr. 617].) This list is illustrative only and is not intended to be exhaustive. We believe that good cause should also extend to situations, like defendant's, where one has willfully violated numerous promises to appear before the court. The willful failure not only is a misdemeanor (§ 853.7), but it obstructs the timely and efficient administration of justice, and in this vein often creates havoc within the system beyond that caused by the usual misdemeanor offense. This is not in the interest of the state and the public, which are entitled to prompt resolution of criminal charges. If the court is to control its own calendar and begin to process a repeatedly absent defendant, it must not wait any longer for his voluntary compliance. The court must take prompt and effective action to ensure defendant's immediate cooperation. A defendant by flaunting his disregard for the court process has left the court with the not unreasonable belief that he is either in hiding or that he is reluctant to bring to a conclusion the pending charges. Faced with this willful disobedience, the court acted properly in authorizing his arrest anytime the officers could find him, day or night. Defendant himself has created his own unfortunate situation, and he cannot be heard to complain that a night arrest is more abrasive or intrusive (see *United States* v. *Searp* (6th Cir. 1978) 586 F.2d 1117, 1121-1125 [58 A.L.R.Fed. 743]) than during daytime hours. Based on defendant's record of 11 outstanding bench warrants, we conclude that the court had good cause to endorse the bench warrant for night service.

### III*

. . . . . . . . . . . . . . . . . . . . .

The order appealed from is affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied July 13, 1988, and appellant's petition for review by the Supreme Court was denied September 22, 1988.

---

* See footnote, *ante,* page 425.